HON. J. SAFFORD,
HON. D. M. VALENTINE, } ASSOCIATE JUSTICES.

### MATTHIAS KLOPP v. GEORGE A. MOORE, AND ANOTHER.

1. TITLE TO PROPERTY OF RELIGIOUS CORPORATIONS, by the Constitution of Kansas, vests in the Trustees.

2. Trustees of such corporation cannot bind the corporation by their covenant, unless duly authorized; and this court will go behind the findings of the district court, and examine the testimony to ascertain whether such authority was in fact conferred.

3. When the trustees of a church, organized under the laws of this state, in making a deed of real estate, covenant under their hands and seals to warrant and defend the quiet and peaceable possession of the same, without showing in any manner that authority had been given them by the corporation for the making of such covenant, and without expressly excluding personal liability: *Held*, That they are personally liable on such covenant.

·*Error from Leavenworth District Court.*

ACTION on covenant of title. In September, 1865, Abel H. Peck, George A. Moore, Eugene B. Allen, J. M. Raymond and Josiah C. Spring, Trustees of the Baptist Church and Society of Leavenworth, sold and conveyed to the plaintiff certain real estate by deed, with covenant for quiet and peaceable possession, which deed is as follows:

" THIS INDENTURE, made this eleventh day of September, in the year of our Lord one thousand eight hundred and sixty-five, between A. H. Peck, G. A. Moore, E. B. Allen, J. M. Raymond and Josiah C. Spring, trustees, and as trustees of the Baptist church and society of the city of Leavenworth, in the State of Kansas, of the first part, and Mathias Klopp, of the city and county of Leavenworth, and State of Kansas, of the second part, witnesseth: That said parties of the first part, for and in consideration of the sum of fifteen hundred dollars, to them in hand paid by the said party of the second part, the receipt whereof is hereby confessed and acknowledged, do, by these presents, grant, bargain, sell, remise, release, alien, convey and confirm unto the said party of the second part, and to his heirs and assigns forever, all of the following described pieces and parcels of land lying and situate in the county of Leavenworth and State of Kansas, to wit: [*Description of Premises.*] Together with all and singular the hereditaments and appurtenances thereunto belonging, or in anywise appertaining. To have and to hold the said premises above described, with the appurtenances, unto the said party of the second part, and to his heirs and assigns forever. And the said parties of the first part, as such trustees, and their successors, the said premises in the quiet and peaceable possession of the said party of the second part, his heirs and assigns, against the said parties of the first part, their successors, and against all and every person and persons whomsoever, lawfully claiming or to claim the same, shall and will warrant, and by these presents forever defend.

" In Witness Whereof, the said parties of the first part have hereunto set their hands and seals the day and year first above written.     A. H. Peck,     [Seal.]
Geo. A. Moore, [Seal.]     J. M. Raymond, [Seal.]
J. C. Spring,     [Seal.]     E. B. Allen,     [Seal.]"

Said deed, so signed and sealed by each of said parties, was acknowledged by them severally, was duly stamped and duly recorded.

The plaintiff was evicted under a paramount title, and brought his action on the covenant. Peck, Moore and Allen were served; the others were not. Moore and Allen answered, *first*, general denial; and *second*, the defendants were trustees, acting for the corporation. Peck was in default. The case was tried by the court. Special findings were made. As conclusion of law the court found that the defendants were not liable on the covenant. The plaintiff moved for a new trial on the grounds of error of law occurring at the trial, and that the findings were contrary to law, and not sustained by sufficient evidence, which motion was overruled and judgment entered for the defendants. This judgment the plaintiff seeks to have reversed.

*James McCahon* for plaintiff in error:

1st. " The title to all property of religious corporations shall vest in trustees, whose election shall be by the members of such corporation." Const., Art. XII, sec. 3.

2d. The title to the real estate under this provision vests in the trustees and not in the corporation. There is a plain distinction made between the trustees and the corporation. The trustees are not *a* corporation, nor *the* corporation; they are selected by the members of the corporation. When real estate is conveyed for the use of a religious corporation, it should be conveyed to the

trustees by their name, and not to the corporation by its name. And when the property is again conveyed it should be done in the name of the trustees for the time being. The trustees, in such cases, act in the same capacity as the trustee of a natural person. The title to property of a religious corporation vests, by virtue of the constitution, in trustees, and not in the corporation. The trustees only hold the legal estate for the benefit of the corporation, and they cannot be required to enter into any covenant of title beyond the usual one that they have done no act to encumber the estate. *Tiffany and Bullard on Trusts and Trustees*, 823, *and cases cited.*

3d. Where, as in this case, the trustees covenant in their own name, though it be expressly in the right of another, and in their representative capacity, they are personally bound.

The words " as trustee," when used in a covenant, do not affect the individual liability of the covenantor. 2 Wheat, 46.

The words " as administrator," held not to affect the personal liability on the covenant. 8 Mass., 162, 206, 207, 209; 5 Gilm., 196; 1 Carr. & Payne, 648.

Grantors covenanted by virtue of their " official character" and received no benefit, still held bound. 14 Conn., 245, 252.

" We, in the capacity aforesaid, (guardians,) warrant," etc., held personally liable. 9 Metc., 63, 66; 8 Ohio St., 448.

" We, the trustees, do bind ourselves and successors in office," held personally liable on note. 1 Blackf., 189; 9 Johns., 334; 7 Cowen, 453; 8 Peters, 166, 177; 6 Mass., 59; 1 Greenl., 231; 15 Pick., 433.

4th. The title being vested in the trustees, their deed

is sufficient to convey the title; but they could not bind the corporation (the beneficiary) by a covenant, without a special authority for that purpose the same as in any other case of agency.

5th.   If the trustees intended to bind the corporation and were authorized so to do, they should have covenanted in the name of the corporation.   13 Johns., 307; 3 Wend., 94; 7 Cowen, 452; 1 Ohio, 390; 5 Cal., 487; 9 Ind., 224; 4 Duer, 29; 17 Ind., 495.

6th.   And should also have alleged and shown their authority to bind the corporation by the covenant.   13 Johns., 307, 66; 8 Wend., 494.

7th.   There is no allegation in the answer of any such authority, nor was there *any* evidence to sustain the finding of the court that they were so authorized.   The court below therefore erred in refusing to set aside the finding.

8th.   The defendants bind themselves " and their successors in office; " but as the covenant was executed by them in their individual capacity they could have no successors, and these words are only surplusage.   1 Blackf., 190.

9th.   It cannot be said that the covenant in the deed is the covenant of the corporation.   It is not in the corporate name, nor are there any apt words used to bind the corporation.   The corporation did not execute it.   It is not bound by it.   The trustees acknowledged it to be their own voluntary act and deed.   It must therefore be construed *ut res magis valeat quam pereat*, that it may rather have effect than be destroyed.   As the trustees have failed to bind the corporation the covenant must be construed to bind themselves.   8 Mass., 209; 15 Pick., 433; 5 Gilm., 196; 42 Mo., 74; 10 Ohio St., 444;

8 Peters, 166, 167; 5 Mass., 299; 6 Mass., 58; 5 East., 148; 2 Wheat, 46; 14 Conn., 245, 252; 1 Blackf., 189.

10th.   The covenant can only be construed by what appears on its face.   Parol testimony cannot be admitted to vary or contradict it.   Story on Agency, sec. 273; 8 Mass., 206; 4 Metc., (Ky.,) 296; 17 Ohio St., 215; 12 Mass., 173; 4 Duer, 29.

*Hurd & Stillings*, for defendants in error:

1.   It is claimed by the plaintiff that the defendants are personally liable on their deed as trustees.   The title could not have been taken or conveyed in any other mode under our laws.   *Art.* 12, *sec.* 3, *Const.; Comp. L.* 1862, 383.

No seal was authorized or required in case of such corporation, nor any mode or form provided in which contracts shall be made.   The statute (*Comp. L.*, 1862, 355,) abolishes private seals, and provides that the character of the instrument to which a private seal is attached shall not be thereby changed.   The church sold the property and received the pay, and its officers made the deed binding on the then trustees and their successors, which could not have been understood at the time by either grantor or grantee as binding on any but the corporation itself.   As a general rule, such construction shall be given to a contract as will carry out the intentions of the parties, and make every part of the deed take effect.   *Roberts v. Dust*, 4 Ohio St., 502; 11 Ohio St., 240, 248; *Cofran v. Cochran*, 5 N. H., 458; *Ward v. Bartholomew*, 6 Pick., 409; 42 Mo., 74.

When the capacity of the agent can be drawn from the deed, that is sufficient.   *Magill v. Hinsdale*, 6 Conn., 465.

Matthias Klopp v. George A. Moore, and another.

As agents, having general authority to convey, they could convey with warranty, that being the ordinary way. Story on Agency, 443.

A vote of a corporation is not necessary to be shown to authorize the act of an agent or officer in the scope of his usual authority. *Eastman v. Coos Bank*, 1 N. H., 23; 29 Maine, 564.

The persons who acted in this case under the title of "trustees," are by law, officers and agents of the corporation to do the act they did, and not trustees in the sense in which that term is usually applied. When the corporation sold the land and received the money, it was their duty to execute the deed.

2. The remedy of the plaintiff against the corporation is ample, even though the deed was inoperative, either by reforming the deed, or by action for the money; and in such case no action can be maintained against the agent. *Randall v. Vechten*, 19 Johns., 60; *McDonough v. Templeton*, 1 Har. & John., 156; *Bank of Metropolis v. Guttschilds*, 14 Peters, 20, 29; *Dubois v. D. & H. Canal Co.*, 4 Wendell, 285; *Damon v. Granby*, 2 Pick., 345.

The opinion of the court was delivered by

SAFFORD, J.: The defendants here and below, were, with others, on September 11th, 1865, the trustees of the Baptist church and society of Leavenworth city, in this state. On the day named, they executed and delivered to the plaintiff a deed of and to certain real estate situate in the county of Leavenworth, which said deed contained the usual covenants of warranty for quiet and peaceable possession of the said property, and was executed in the individual names, and under the private seals of the parties grantors. Afterwards the said real estate was recov-

ered from the plaintiff, under a paramount title, and he brought his action on the covenants in his deed against all of said grantors, and in their individual capacities. These defendants answered, in substance, that they were not liable individually on said covenants, but that they executed the same for and in behalf of the Baptist church and society as aforesaid, and as the trustees of such organization. A trial was had which resulted in favor of the defendants by reason of the finding by the court, as a conclusion of law, that they were not liable as individuals on the said covenant of warranty.

I. As to the question, where the title to the property of religious corporations vests, there is no room *Title to property of religious corporations vests in the trustees.* for argument. This is settled by the Constitution, Article 12, section 3. If then, such property is sold, the title thereto must come from and through the trustees, for the time being, of such corporation, and their deed is sufficient to convey such title. This is all conceded in the argument of counsel, and the point may be passed without further mention—though see chapter 45, section 1, Comp. Laws, 1862, as to preliminary steps.

II. But it is contended that such trustees could not bind the corporation by a covenant of warranty, as it is *Trustees cannot bind corporation except by authority.* claimed, in their behalf, in this instance, was done, without a special authority for that purpose having first been given them by the corporation represented by them. And it is further claimed that no such authority is shown by the record. An examination shows the last statement or claim to be correct. It is true, that the court trying the cause found that such authority had been given; but inasmuch as all of the evidence which was introduced on the trial is preserved

and brought before us, we may go behind such finding and examine such evidence with a view of determining for ourselves, whether or no, that, or indeed any other finding, is sustained by evidence. This we have done, and find *no testimony whatever* going to establish the finding in question. The court therefore erred in making it.

III. The question now recurs, how, under the circumstances, did the making of the warranty affect the corporation which was sought to be represented by these parties defendant? We think that the reply to this inquiry must be, that such corporation was in nowise affected or bound thereby. The covenant was not in the name of, nor was it executed by the corporation; but was between the defendants, who described themselves in the body of the deed as trustees, etc., but signed it in their individual capacity only, and the plaintiff. The stipulation also was in behalf of themselves and their successors, instead of on behalf of said corporation. In such a case it has often been held, and seems to be well settled, that the covenant and stipulation are not that of any supposed principal, but are those of the parties so executing them; and, *a fortiori*, when there is an utter failure to show any authority either in the instrument itself or otherwise, for the making of such covenant and stipulation, for and on behalf of such supposed principal, or to exclude personal responsibility in express terms. (14 Conn., 244.) "If a conveyance of real property, purporting to be the conveyance of a corporation, made by one authorized to make it for them, be in fact *executed* by the attorney or agent in his own name, as his own deed, it will not be the deed of the corporation, although it was intended to be so. The conveyance must purport to be made and

TRUSTEES personally liable on their covenant, it not appearing that they had authority to bind the corporation.

*executed* by the corporation, acting by its duly authorized agent." (42 Mo., 78.) As bearing upon this point, see also, 4 Mass., 594; 12 id., 174; 13 Johnson, 310; and other authorities referred to in the decisions named.

But it is said that these defendants intended to bind the corporation as to every agreement in the deed; and that such effect should be given to it and every part of it as to carry out such intention. It is perhaps the best, and under the circumstances at least a sufficient answer to this proposition to say, that they did not do what it is thus claimed they intended, if effect is to be given to the language used according to its naturally received and legal import. [See cases above cited.] And there seems to be no very good reason why the natural and legal construction should not be adopted. But it is further said, that if the parties only bound *themselves* by their covenant of warranty, then that part of their deed which refers to their successors must be held void. This may be true; but this is only a very small part of the deed, and certainly it is better, and more in accord with just and well-established rules of construction, to regard such reference as ineffective for any purpose, or as surplusage, than to give it such force as will do violence to all the remainder of such deed, by compelling a meaning to be given thereto which is not expressed, and would not otherwise be suggested. But see as to this part of the case, 14 Conn., 245, and other cases cited by plaintiff in error, which are full, and afford a satisfactory disposition of the questions here involved. Upon the conclusions thus reached in this case, it seems to follow too plainly, and especially from the authorities, to require argument to show it, that these parties must be held to have bound themselves by their said covenant of warranty in the deed

to plaintiff in error, and as the record now stands they must be held to the liability thereby assumed. Upon this point the following cases are referred to: 8 Mass., 162; 4 id., 594; 15 Pick., 433; 42 Mo., 74; 5 Mass., 299; 6 id., 58; 10 O. St., 444.

The judgment of the district court is reversed, and the cause remanded with instructions to grant a new trial.

All the justices concurring.