CHARLES T. ALLEN *vs.* ELLIOTT C. ALLEN *et al.*

Submitted on briefs Jan. 19, 1892. Decided Feb. 23, 1892.

**Covenant of Seisin, When Broken.**—A covenant of seisin in a deed of real property is broken where the covenantor has not the possession, the right of possession, and the complete legal title.

**Grantee—Deed without, Invalid.**—Where there has been a failure to name a grantee in one of the deeds upon which a defendant, in an action upon the covenant of seisin, rests his title, parol testimony that one of the defendant's grantors was the intended grantee in such deed is inadmissible for the purpose of establishing the legal title to the property in said intended grantee.

Appeal by plaintiff, Charles T. Allen, from a judgment of the district court of Hennepin county, *Hooker,* J., entered September 19, 1891, dismissing the action.

On August 7, 1890, the defendants Elliott C. Allen and Bertha M. Allen, his wife, in consideration of $250 paid to them, deeded to plaintiff a lot in Minneapolis. They covenanted in the deed that they were well seised in fee of the premises, and had good right to sell and convey the same. They bought the lot of Samuel B. Loye. He bought it of Willis G. Baker, March 17, 1887, and took from

him and wife what the parties at the time supposed was a valid deed of it; but by mistake Loye's name was inserted with theirs as one of the grantors in the deed, and no one was named in it as grantee. This deed stated the parties as follows, viz.:

"This indenture, made this 17th day of March, A. D. 1887, between Willis G. Baker and wife, Sarah M. Baker, Samuel B. Loye, of the county of Hennepin, in the state of Minnesota, parties of the first part, and ————, of the county of Hennepin and state of Minnesota, party of the second part, witnesseth," etc.

Elliott C. Allen and his wife had no other title when they conveyed to plaintiff. This action was upon said covenants to recover the purchase money. The lot was unimproved and unoccupied. The action was tried April 28, 1891, without a jury. Findings were filed, and judgment entered dismissing the action. Plaintiff appealed.

*S. R. Child,* for appellant.

A deed without a grantee named in it is absolutely void. Devl. Deeds, § 649; *Prescott* v. *Beyer,* 34 Minn. 493–495. Parol evidence cannot be received to vary the terms of a written contract. 1 Greenl. Ev. § 275. A right to have a deed reformed does not constitute an "equitable estate," but is a mere "equity," or an equitable remedial right. 1 Pom. Eq. Jur. § 146, and note.

*Hazen M. Parker,* for respondents.

The instrument on its face shows that it was executed and delivered. This conclusively shows that it was delivered by some one to some one. The instrument further shows on its face that it was executed by Willis G. Baker and wife, and the last clause states: "In witness whereof, the parties of the first part hereunto set their hands and seals." This shows they only were the parties of the first part. They are certified by the notary, in the certificate of acknowledgment, to be the grantors. It is admitted that Willis G. Baker was then the owner of the lot. It would therefore seem very clear who were the grantors in the instrument. Furthermore, Loye's name is in the instrument, and in such a place that it is clearly evident that it was not intended to be in conjunction with the names of Baker and wife. Again, the indorsement on the instrument shows that.

Loye was the grantee. The placing of Loye's name in the instrument was not an idle act. It was for a purpose, and, as the instrument clearly shows that he was not one of the grantors, it must follow that he was the grantee.

If the instrument did not convey a perfect legal title, it did convey an equitable one,—a right to have the deed to Loye reformed.

COLLINS, J. The instrument, executed and acknowledged by Willis G. Baker and wife, in which these persons and S. B. Loye were named as parties of the first part, was fatally defective as a conveyance of real property, because no one was therein named as of the second part, and no person could take anything by it. In every grant there must be a grantor, a grantee, and a thing granted, and a deed wanting in either essential is invalid. A grantee is as necessary to the validity of a grant as that there should be a grantor or a thing granted. *Garnett* v. *Garnett,* 7 T. B. Mon. 545; *Whitaker* v. *Miller,* 83 Ill. 381. When these defendants, by warranty deed with full covenants, except as to a particularly described mortgage, conveyed the premises in question to plaintiff, they had not been invested with the legal title, for that remained in Baker when he failed in an attempt to convey. For this reason there was a breach in defendant's covenant of seisin, for "seisin" means, *ex vi termini,* the whole legal title, and nothing short of it will satisfy. A covenant of seisin is broken if the covenantor has not the possession, the right of possession, and the complete legal title. *Fitzhugh* v. *Croghan,* 2 J. J. Marsh. 429; *Lockwood* v. *Sturdevant,* 6 Conn. 373. And the covenant was broken upon the execution of defendants' deed, vesting in the plaintiff an immediate cause of action. *Kimball* v. *Bryant,* 25 Minn. 496. The court below seems to have held that the legal title to the premises passed from Baker to Loye upon the execution of the purported deed by Mr. and Mrs. Baker, and this view must have been based upon the conclusion of the court that the name of the real grantee could be ascertained from an inspection of the deed itself, in connection with an indorsement on the back, or outside, which indicated that Baker and his wife were the sole grantors, and Loye the grantee; or upon parol testimony, improperly received for that purpose, to the effect that by mistake Loye was named as one of the parties of the

first part, when he was actually of the second part, and should have been so designated; or both. There was nothing whatsoever in the body of the instrument from which it could have been inferred, even, that Loye was not just what he was expressly stated to be,—one of the grantors,—save the bare fact that he did not join in its execution, and that a grantee was not named therein. And the indorsement upon the back was no part of the deed, nor should it have been referred to in aid of or to cure a defect in one of its essentials. The parties, grantor and grantee, and the thing or property granted, must be determined from the contents of an instrument, not from its label. Two defects would have impressed themselves, alike or equally, upon the mind of the ordinary man when reading the document,—one, that Loye, a grantor, had neglected to join in its execution; the other, that there had been a complete failure to name the grantee. Nothing else would have been suggested or discovered. We are convinced that, without the indorsement and a knowledge of the circumstances, no one would have felt warranted in asserting that Loye was the intended grantee. Parol testimony that Baker was the sole owner of the property described; that he sold it to Loye; that it was the intention of all parties to have Loye named as the party of the second part in the conveyance; and that a mistake was made by the party who drew the same,—should not have been received for the purpose of showing that Loye actually acquired the legal title by virtue of the defective deed, for it could not have that effect. If it could, an error in or omission of the name of the grantor or grantee, or an error in or omission of the description of the property intended to be conveyed, could be rectified or wholly supplied with the same class of testimony in an action of this character. A legal title to real property cannot be established by parol.

Judgment reversed.

(Opinion published 51 N. W. Rep. 473.)