WILLIAM B. MITCHELL v. COLEMAN BRIDGMAN.[1]

January 26, 1898.

Nos. 10,915—(271).

**Real Property—House on Land of Another—Right to Remove.**
  The defendant, without the knowledge of the owners of a lot, and without license, express or implied, from them, but by mistake, supposing it to be his own, erected a house thereon.   Such mistake was the result of his own negligence, and the fault of no one else.   *Held*, that the house became a part of the lot, and the defendant is not entitled either to remove the house, or enforce a lien against the lot for the value of the house.

Appeal by defendant from a judgment entered in the district court for Stearns county in favor of plaintiff, as administrator of the estate of Jane H. Whittlesey, deceased, pursuant to the findings and order of Baxter, J.   Affirmed.

*Oscar Taylor* and *M. D. Taylor*, for appellant.

*Geo. W. Stewart*, for respondent.

START, C. J.

Action to quiet title, and permanently to enjoin the defendant from removing a dwelling house from lot nine, block three, Stearns' addition to the city of St. Cloud.

[1] Reported in 74 N. W. 142.

The answer alleged that the defendant built the house upon lot nine by mistake, and in the belief that he was erecting it upon his own lot, which adjoined the lot upon which the house was so placed, and prayed judgment that he be allowed to remove the house, or be decreed a lien on the premises for the value of the house. The trial court made its findings of fact and conclusions of law, and ordered judgment for the plaintiff for the relief asked, and defendant appealed from the judgment. The assignments of error raise the question whether the facts found by the trial court justify its conclusion of law and order for judgment, which in effect deny the defendant any compensation for the house, and enjoin him from removing it.

The material facts, as found by the court, are: The defendant, in the spring of 1890, supposing that he was building the house here in question upon his own adjoining lot, in fact built it by mistake upon lot nine; but such mistake was the result of his own negligence and carelessness, and the fault of no one else. Lot nine was then owned by George H. Sheldon, W. C. Wren, and Henry T. Elliott. After the erection of the house upon lot nine the defendant discovered his mistake, and entered into negotiations with the resident agent of the owners for the purchase of the lot, and it was agreed between them that the defendant should pay $300 for the lot. The agent procured from the owners a deed of the lot, and had it ready to deliver to the defendant upon the payment of the purchase price. Though requested and urged by the agent to pay the money and take the deed, he neglected to do so; and the deed was thereafter withdrawn from the agent by W. B. Mitchell, acting for the owners of the lot, and the name of Jane H. Whittlesey was by him substituted and inserted in the deed as the grantee (the name of the grantee having been left blank), and thereupon she paid to the grantors the purchase price for the lot, and the deed was delivered to her on August 3, 1892, and duly recorded.

Ever since this date, until her death, which occurred after the commencement of this action, in 1894, Jane H. Whittlesey was the owner in fee of lot nine, and in possession by her tenant of it and the house thereon. She died pending this action, and her administrator, William B. Mitchell, was substituted as plaintiff. The trial

court also found that Jane H. Whittlesey acquired title to the house and lot without any intention on her part to wrong or defraud the defendant, who claims an interest in the house, and threatens to move the same from the lot, but that he has no right or interest therein. Judged by the record, this seems to be a hard case, and that there ought to be some relief for the defendant; but upon the facts found, and the settled rules of law, there is none.

It is claimed by the defendant that the facts as to the making of the deed to Jane H. Whittlesey show that she was not the owner of the land, because the deed was not originally intended by the grantors for her, and her name was inserted in the deed as grantee without their authority. A reference to the facts as found by the court is a sufficient answer to this claim. The grantee's name was inserted by W. B. Mitchell, acting for the grantors, and she paid the purchase price to them, and the deed was delivered to her. The case of Allen v. Allen, 48 Minn. 462, 51 N. W. 473, is not in point, for in that case there was no grantee whatever in the deed.

There is neither evidence nor finding in this case that the owners of the lot had any notice at any time that the defendant was building the house on their lot, or that there was any license from them, express or implied, that he might do so. The case stands upon the specific finding that the defendant built the house upon the lot of another by mistake, supposing that he was erecting the same upon his own adjoining lot, but that such mistake was the result of his own negligence, and the fault of no one else. That the house became a part of the lot upon which it was built, and the absolute property of the owners thereof, is a proposition too well settled to admit of discussion. Our occupying claimants' statute has modified the rigor of the common law in many cases, but none of its provisions are applicable to a case like the one at bar.

Judgment affirmed.

CANTY, J.

I concur. As to the point that the deed to Whittlesey was originally made with the grantee's name omitted, the court finds that the name of Mrs. Whittlesey was inserted by Mitchell, acting for the grantors, and that she paid the grantors the purchase price for

the lot. This amounts to a finding that the name was inserted by authority of the grantors, and that they sold the land to Mrs. Whittlesey, and received the purchase price from her.