J. B. NOYES and Another v. FRENCH LUMBERING COMPANY.[1]

July 5, 1900.

Nos. 12,194—(180).

**Bill of Sale—Assignment—Description.**

Certain instruments of conveyance examined, and *held* to have been properly executed as to form, and, when construed together, to contain a proper description of the premises conveyed.

**Measure of Damages.**

The proper measure of damages for the detention of real estate is the reasonable value of the use thereof.

**Circumstances Affecting Rental Value.**

The peculiar location and conditions surrounding such premises at the time may be shown in determining the rental value of the same.

[1] Reported in 83 N. W. 385.

Action in the district court for St. Louis county to recover damages for unlawful detention of a sawmill site. The case was tried before Cant, J., and a jury, which rendered a verdict for $645 in favor of plaintiffs. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*How & Taylor* and *James J. Lunney*, for appellant.

*Jaques & Hudson* and *Ross, Dwyer & Hanitch*, for respondents.

LEWIS, J.

The complaint in this action was drawn on the theory that the measure of damages for withholding from plaintiffs the mill site in question was the special loss resulting from a failure to get certain logs cut into lumber. The damages were stated to be $1,760.46. The trial was proceeding, and some evidence had been offered in support of this theory, when, upon objection by defendant, the court held that such rule of damages was not proper, and sustained the objection. Thereupon plaintiffs amended the complaint by alleging that the reasonable value of the mill site during the summer of 1899 was the sum of $1,760.46. Plaintiffs had a verdict, and defendant appeals from an order denying its motion for a new trial.

Appellant presents two questions for consideration: First, that the plaintiffs did not prove that they were entitled to the possession of the premises; and, second, that, notwithstanding the amendment to the complaint, the court and jury assessed the damages upon a wrong theory.

1. Plaintiffs' right to possession rests upon the following evidence: (a) Lease of date January 18, 1898, from one Martinson to the Agnew Lumber Company, consisting of Patrick J. Agnew and Henry T. Agnew, covering a tract of land forty by twenty rods in extent, with the right of damming up a creek on the premises, and necessary flowage. (b) An assignment of this lease by the following indorsement on the back thereof:

"We hereby transfer all our right, title and interest to the within lease to Hannah Agnew.                    Henry Agnew.
Dated September 20th, 1898.              Patrick J. Agnew."

(c) A bill of sale to the Twohy Mercantile Company, conveying the sawmill upon the premises described in the lease (the bill of

sale being executed by Hannah Agnew, by her attorney in fact, P. M. Agnew), marked "Exhibit C." (d) An indorsement upon the back of the last above mentioned instrument of assignment as follows:

"In consideration of the payment of one dollar, the receipt whereof is hereby acknowledged, I hereby sell, transfer, assign, and set over to the Twohy Mercantile Company all my right, title, and interest in and to the property, lands, and leases described in the above instrument.

Dated at the township of Duluth, St. Louis county, Minnesota, this 9th day of May, 1899.                      Henry T. Agnew.
[Witnessed.]                                             Patrick J. Agnew.
                                                        Hannah Agnew."

(e) A contract or license from the Twohy Mercantile Company to locate and operate a sawmill on said mill site for three months from May 20, 1899.

Defendant objected to the introduction of Exhibit C for three reasons: That there is no proper proof of the execution of the bill of sale; that the property transferred was real estate, and the instrument was not in any sense a deed of conveyance; and that the description was indefinite. Neither point is well taken. It is not sought in this action to enforce that instrument against Hannah Agnew. Hence it would be inadmissible without proof that Patrick M. Agnew was the attorney in fact. This the plaintiff failed to show, but contends that the defect on this account was cured by the execution of the subsequent writing by the wife; that the indorsement amounted to a ratification of the defective execution. We are not prepared to say that the execution of the indorsement was in effect a new execution by Hannah Agnew of the same instrument. But the indorsement constituted a new instrument, properly executed by her conveying the same property set forth in the one she had failed to execute. The property conveyed is referred to, and when the two conveyances are taken together the description is sufficiently certain. In other respects the instrument in question is a good conveyance, having been executed after the abolition of seals. Laws 1899, c. 86.

2. As to the measure of damages the court applied the proper rule,—the fair value of the premises during the period in which the

plaintiffs were deprived of the use. It was competent to show what kind of premises they were. It was a mill site. Was it a good one, centrally located for sawmill purposes, or one remote from the necessary timber to keep a mill busy? If there were in the vicinity a grove of standing pine, the site would be of more value than if the timber were at a distance, and the site would be of greater value yet if there were a half million feet of saw logs in the adjacent mill pond. The fact that plaintiffs owned those logs would be immaterial. The point for determination was the reasonable rental value of the mill site, and, if plaintiffs owned the logs, such additional benefit as they might thereby receive would be merely incidental. The fact that plaintiffs had claimed their special damages to be equal to the sum which was stated by some of the witnesses to be the rental value was not prejudicial, is evident from the size of the verdict, $645.

Order affirmed.