J. B. STREETER, JR., COMPANY v. JOSEPH JANU.[1]

November 6, 1903.

Nos. 13,591—(45).

**Private Seal—Statute.**

All distinctions which had theretofore existed between unsealed or simple contracts and contracts under seal (specialties), between private parties, were abrogated by Laws 1899, c. 86, which abolished the use of private seals.

**Vendor and Purchaser.**

This statute applied in an action brought to recover as against an undisclosed principal, alleged to have been the real vendee in a contract for the purchase and conveyance of land actually executed under seal.

Action in the district court for Jackson county against defendant, as undisclosed principal, to recover $1,140 and interest upon a written contract for the purchase of land. The case was tried before Quinn, J., who directed a verdict in favor of defendant upon the close of plaintiff's testimony. From an order denying a motion for a new trial plaintiff appealed. Reversed.

*M. E. Foley,* for appellant.

*L. F. Lammers,* for respondent.

COLLINS, J.

In this action the plaintiff corporation is attempting, as vendor, to enforce payment of an amount due in accordance with the terms of a written executory contract for the purchase and conveyance of real estate. The defendant was not named in the contract, nor did he execute it. The claim is that defendant is an undisclosed principal and the real vendee, and that the person named in the instrument as vendee was simply acting as defendant's agent when he made the purchase and executed the contract. It stands admitted that plaintiff had no knowledge that this defendant was the principal until long after the contract was entered into. At the close of plaintiff's testimony, and upon motion of defendant, the court instructed the jury to find a verdict in favor of

[1] Reported in 96 N. W. 1128.

the latter, which was done, and the appeal is from an order refusing to grant plaintiff's motion for a new trial.

The record shows that in the year 1902 defendant's son, a young man, entered into a contract under seal with the plaintiff, whereby the latter agreed to sell and convey to the former some fifteen hundred acres of land in North Dakota, the agreed consideration being $12,750. Of this amount, $75 was paid down, $3,450 was to be paid in instalments prior to November 1 following, and the balance in yearly payments of $1,025, evidenced by the son's promissory notes. Two hundred and eighty-five dollars was afterwards paid to plaintiff. The son having refused to make further payments, this action was brought against the father on the ground before mentioned; the allegations in the complaint being that he was the real vendee, that the contract was actually made for him and in his behalf, and that of these facts the plaintiff was not informed until after the writing had been executed. The answer put in issue these allegations. Testimony was introduced at the trial in the nature of admissions made by the defendant father tending to show that he sent his son into Dakota to buy this land, that the purchase was made by the latter for him, and that the money which had been paid by the son and received by the plaintiff belonged to him, and not to the son.

1. We are not required to dispose of the claim of counsel for the plaintiff that the verdict cannot be sustained because it was directed at the close of the plaintiff's testimony, without waiting until defendant rested his own case, either informally, for the purposes of the motion, or formally and absolutely. It is immaterial, as we view the case, when the motion was made, because a reversal of the order appealed from on substantial grounds cannot be avoided. We will say in this connection, however, that there is nothing in the record to show that the point now made by appellant was suggested below—nothing to indicate that the attention of the trial court was called to the fact that the defendant, when making the motion, had not closed his case for any purpose. Under such circumstances, it would be wise for counsel to inform the trial court of the precise point involved and relied upon. This would be fair and just to both court and opposing counsel, and the record should show the fact, if the alleged error is to be presented on appeal.

2. We have heretofore stated that this executory contract related to Dakota land, and was under seal. We assume, in the absence of allegations or proof to the contrary, that this instrument was executed and delivered within the state of Minnesota; and we also assume that the rules of law herein prevailing alone control. It was executed in behalf of the corporation by its president, who attached a private seal— a scroll of the pen—and also the corporate seal. Annexed to the signature of the vendee was his seal—a scroll of the pen. Under the common-law rule, these seals made the instrument a specialty, and removed it from that class of writings known as "simple contracts." It is the contention of defendant's counsel that when a contract becomes a specialty, because executed under seal, an undisclosed principal cannot be bound or held by its terms, unless he has in some manner ratified the act of the agent, or received the benefit of the performance by the other party, neither of which appear in this case.

The common-law rule in respect to the liability of an undisclosed principal upon a written instrument is concisely stated in 1 Am. & Eng. Enc. (2d Ed.) 1139, etc., and cases are cited which fully support the text. From these citations it appears that, if this instrument is nothing but a simple contract, the right to pursue the undisclosed principal is absolute and unrestricted. If, upon the other hand, the common-law distinction between sealed and unsealed instruments remains, and it is a specialty, an undisclosed principal cannot be shown, or held liable. No one but the party signing can be bound by it. But the distinction between sealed and unsealed private contracts has been abrogated by Laws 1899, p. 88 (c. 86), whereby the use of private seals on written contracts is abolished, and it is expressly declared that the addition of a private seal to an instrument in writing "shall not affect its character in any respect." The result of this legislation is that all differences theretofore existing in the law between simple contracts and specialties, executed by private parties, and which had long prevailed, are discarded. They are alike in all respects, for the unequivocal language used must be given its full effect. See Noyes v. French Lumbering Co., 80 Minn. 397, 83 N. W. 385. Statutes of this import prevail in a large number of states, but the one in question is much like those of Tennessee (Shannon's Code 1896, § 3213) and Washington

(Ballinger's Ann. Codes & St. 1897, § 4523).   We find no cases in these states which bear upon the exact question now presented.

With the distinction abolished, it follows that testimony tending to show that the act of the alleged agent was within the limits of the power delegated, and that defendant was an undisclosed principal, was competent, and in this instance a prima facie case had been made against him. The cause should have been submitted to the jury on this question.

Order reversed and a new trial granted.