## JOSEPH EFTA v. F. W. SWANSON and Others.[1]

August 4, 1911.

Nos. 17,163—(226).

**Reformation of deed — evidence.**

The evidence *held* sufficient to sustain a decision reforming a deed by inserting therein the usual covenants of warranty.

**Breach of covenant — cancelation of land entry.**

There is a breach of the covenants of seisin and for quiet enjoyment in a conveyance of land, when the government asserts its title thereto by lawfully canceling an entry theretofore made thereon by the person through

[1]Reported in 132 N. W. 335.

. . whom the covenantor claims title; and this, notwithstanding the fact that the covenantee is given a preference right to file on the land, and subsequently does file thereon.

**Measure of damages.**

A just measure of damages against the covenantor under such circumstances is the consideration paid for the deed, less the value of the rights or privileges acquired by the plaintiff thereunder, and interest.

**Liability of undisclosed principal.**

An undisclosed principal is bound by covenants of warranty in a deed made by his agent with authority.

Action in the district court for Roseau county against F. W. Swanson, Rachel Swanson, his wife, and John Bohmer, doing business as the Farmers & Merchants Bank of Badger, to reform a written contract for a deed, the deed given under the contract, and to recover $1,600 for the breach of warranty of the deed as reformed. The separate answer of F. W. Swanson and Rachel Swanson admitted that on November 9, 1903, they executed to plaintiff a deed of conveyance; admitted that Frank Buzak made homestead entry in 1896 on the land described; denied that the real estate was worth $1,600 or any greater amount than $1,200; alleged that whatever connection defendants had with the purchase from Jennie Buzak was at the special instance and request of plaintiff and as his agent and for his benefit, and that plaintiff received the deed agreed upon between the parties, and that the contract and agreement entered into between plaintiff and defendants were in all respects fulfilled and carried out. The reply was a general denial. The case was tried before Grindeland, J., who made findings of fact and as conclusions of law found that plaintiff was entitled to judgment reforming the deed by striking out the covenant of special warranty and by inserting covenants of seisin, against encumbrances, except a mortgage for $400, and of quiet possession; that plaintiff's title to the land, without any fault on his part, had wholly failed, and that plaintiff was entitled to judgment for $800. From orders denying separate motions of John Bohmer and F. W. Swanson to vacate the decision and for a new trial, they appealed. Affirmed on both appeals.

*Stewart & Brower,* for appellants.

*Brown & Eckstrom* and *M. J. Hegland,* for respondent.

SIMPSON, J.

This is an action brought by the plaintiff to have a deed reformed and to recover damages for a breach of the covenants therein. Upon the trial by the court the deed was reformed to contain the usual covenants of warranty. The breach of these covenants was found, and judgment was ordered against the defendants for $1,144, as plaintiff's damages, and interest. The defendants appeal from orders denying their separate motions for a new trial, and make numerous joint and separate assignments of error. We will consider the claimed errors and the facts in connection with four principal points involved.

1. The conclusion that the deed should be reformed was based on facts found which briefly stated are: The defendant Bohmer was engaged in the banking business as a private banker in Roseau county. The defendant Swanson was the cashier of Bohmer's bank. Swanson, acting as Bohmer's agent, with full authority, entered into an agreement to sell the plaintiff a certain quarter section of land and to convey the same by deed with full covenants of warranty, except as to a mortgage thereon of $400, for the sum of $1,100. The plaintiff paid this consideration, but Swanson fraudulently made a special warranty deed purporting to convey to the plaintiff the land in question. By agreement with the plaintiff, Swanson caused this deed to be recorded. Plaintiff was illiterate, did not know the contents of the deed, and accepted the same in reliance on Swanson's statement that it was as agreed. The evidence submitted on the trial was sufficient to sustain these findings. The agreement as to the form and contents of the deed to be given having been shown, and it further appearing that through the mistake of the plaintiff and the fraud of Swanson the deed given did not contain the agreed terms, a case was made for the equitable relief asked.

2. There was a breach of the covenants of seisin and quiet enjoyment. Substantially without dispute these facts appear: One Buzak made a homestead entry on the land in question in June, 1901. He deserted his wife prior to November 30, 1901, on which date his wife, Jennie Buzak, offered final proof in support of Buzak's entry. The local land office issued, in December, a final receiver's

receipt to Jennie Buzak. Because of the lack of proof of Buzak's citizenship, the entry was suspended in February, 1902, and held for cancelation without notice. In 1903 Jennie Buzak conveyed the land to defendant Swanson, and he, on November 9 of that year, conveyed it to the plaintiff, who immediately went into and remained in possession of the land. August 7, 1906, Buzak's entry was canceled. The plaintiff was at the same time, because of his possession and improvements on the land, allowed a preference right to file thereon within ninety days. Within this time the plaintiff did file a homestead entry, and has ever since occupied the same thereunder. The plaintiff owned land on which he resided adjoining the land here in question. After his homestead entry he was required to and did, at considerable expense, transfer his residence to his homestead claim. Shortly before August 7, 1906, the defendant Swanson told plaintiff that there was a defect in his title, and advised him to contest Buzak's entry, and Swanson paid the expense of instituting such contest.

Under these facts there was a breach of the covenant of seisin in Swanson's deed at the time of the conveyance to the plaintiff. There is a breach of the covenant of seisin if the covenantor, at the time of the conveyance, has not the whole legal title. Allen v. Allen, 48 Minn. 462, 51 N. W. 473. Upon the final cancelation of the Buzak entry there was, as well, a breach of the covenant for quiet enjoyment. When an outstanding superior title is asserted in hostility to the title of the covenantee, and the covenantee, in good faith, yields to such paramount title, there is a breach of the covenant for quiet enjoyment. Ogden v. Ball, 40 Minn. 94, 41 N. W. 453. The fact that the plaintiff made a homestead entry of the land and remained in possession thereunder does not prevent the plaintiff from asserting and establishing a breach of the covenants of seisin and for quiet enjoyment. The title transferred to him wholly failed. The cancelation of that title by the government was a clear assertion of the government's title adverse to the title claimed by plaintiff under his deed from the defendant. The plaintiff's homestead entry and possession constituted a necessary and bona fide recognition of the paramount title of the government.

3. While the damages for breach of the co  .iants of seisin and for quiet enjoyment are prima facie the consideration paid for the land, the amount may be varied by conditions existing in a particular case. Upon a trial, therefore, the damages recoverable are such as the evidence shows the covenantee entitled to, not exceeding the consideration of the deed and interest. Where the covenantee has purchased the paramount title and thereby retained his possession, the damages would not exceed the cost and expense incident to acquiring such title. In the instant case the defendants urge this rule is applicable, and that the plaintiff having filed on the land as a homestead is only entitled to recover the expense incident thereto.

The evidence shows that the plaintiff was obliged to construct buildings on this land to transfer his residence from his adjoining land to this tract, at considerable expense and inconvenience. The required period of residence has not yet elapsed, and no patent issued. He is acquiring the land, not by purchase for value, but under the homestead laws, and is exhausting his homestead right thereby. Under these circumstances the trial court properly adopted as the measure of damages the consideration paid by the plaintiff for the land, less the sum the court found to be the value of rights acquired under the conveyance from the defendant, and interest. In view of the fact that the deed to plaintiff from the defendant conveyed no title, the defendant certainly has no cause for complaint concerning the finding of the court that the rights acquired thereunder were of the value of $300.

4. The defendant Bohmer urges that the action should have been dismissed as to him. The trial court's conclusion that plaintiff was entitled to judgment against Bohmer is fully sustained by the finding of fact that in all the transactions involved Swanson acted as the agent of Bohmer with full power and authority so to act. This finding of fact is sustained by the evidence. Swanson was the cashier of Bohmer's private bank. Bohmer knew of the negotiations and sale to the plaintiff, and received the profit from such sale. Under this evidence, and the other evidence offered showing the general authority of Swanson and the way business was conducted at the bank, the court was warranted in inferring that Bohmer gave Swanson full

authority to act for him in making the conveyance to plaintiff. This being true, he became liable on the covenants of warranty made by his agent.

The general rule is that a principal cannot be held upon a contract under seal executed by an agent in his own name, but is liable on a simple contract so made. In this state the distinction between sealed and unsealed private contracts has been abrogated. Section 2652, R. L. 1905. The rule applicable to simple contracts as to the liability of a principal for authorized contracts in his agent's name, applies as well to contracts under seal in this state. J. B. Streeter, Jr., Co. v. Janu, 90 Minn. 393, 96 N. W. 1128. Suit was brought and judgment ordered in the one action against both the principal and agent. The plaintiff has not elected, therefore, to proceed against the agent instead of the principal. No election between the right to enforce the contract as the principal's contract, and the right to enforce it as the agent's contract has been in any way required of the plaintiff in this action. The asserted liability of Bohmer has been contested on the ground that he is not, by the evidence, shown to have been a principal for whom Swanson, as an authorized agent, executed the deed.

The orders appealed from are affirmed.