No. 28,699.

E. V. LADWIG, *Appellant,* v. WALTER DEAN, D. G. DAVIS et al.,
*Appellees.*

(284 Pac. 369.)

Opinion filed
February 8, 1930.

*Nelson J. Ward,* of Belleville, for the appellant.

*R. E. McTaggart,* of Belleville, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for the breach of
covenants in a general warranty deed. Walter Dean, the party
sought here to be held liable, had not signed the deed relied upon.
The court sustained his demurrer to plaintiff's petition. Plaintiff
has appealed.

The pertinent allegations of the petition are that on April 1,
1926, D. G. Davis, and Rebecca Davis, his wife, executed and de-
livered to Edward H. Helms a general warranty deed to certain
described real estate in Texas county, Missouri, a copy of which
deed was attached to the petition; that on July 14, 1926, Edward
H. Helms, a single man, executed and delivered to plaintiff a gen-
eral warranty deed to the same real property, a copy of which deed
was attached to the petition; that the consideration for each deed
was $1,000; that Davis and wife and Helms "had no right, title or
interest whatsoever in and to the said real estate" at the time they
respectively executed the deeds above mentioned, and that because
of the breach in the covenants of the deeds, particularly the covenant
of seizin and right to convey, the plaintiff was damaged in the sum
of $1,000. Judgment went by default against Helms in favor of
plaintiff. Helms then made a written assignment to plaintiff of
"all my right, title and interest in and to my claim and cause of

action for damages as against D. G. Davis, Rebecca Davis, and Walter Dean arising to me" under the warranty deed of April 1, 1926, above mentioned. Plaintiff then filed an amended and supplemental petition pleading this assignment. The trial court then held that a cause of action was stated in favor of plaintiff against Davis and wife, but not against Dean. It is to review the last part of this holding that plaintiff has appealed. As charging the liability against Dean the petition alleged:

". . . that all of the transactions mentioned in this amended petition were conducted by the defendant, Walter Dean, and that the said Walter Dean was the principal in all of said transactions, the said D. G. Davis and Rebecca Davis being his agents, and that they pretended to hold title to said real estate for the defendant, Walter Dean, and pretended to convey said real estate to the said Edward H. Helms for the said Walter Dean in the execution of said deed, . . . and that the said D. G. Davis and Rebecca Davis were the agents of the said Walter Dean in the making and delivering of said conveyance, . . . and acted for the said Walter Dean in the execution and delivery thereof."

The question presented is the liability of an undisclosed principal on the covenants of a warranty deed executed by his agent. Preliminary to the consideration of that specific question we observe that the petition does not allege that Walter Dean ever owned or had any right, title or interest in, or the possession of, the real property described in the deed. We also observe that the deed executed by Davis and wife to Helms, dated April 1, 1926, is not on its face the deed of Walter Dean. His name is not mentioned nor referred to in it. Davis and his wife did not execute it as agents of Walter Dean, or by virtue of a power of attorney from him. They executed it as their own deed, the language of which bound them by their own covenants that they were "lawfully seized in their own right, of an absolute and indefeasible estate of inheritance, in fee simple" of the premises, "and that they will warrant and forever defend the same unto said party of the second part, his heirs and assigns, against said parties of the first part, their heirs, and all and every person or persons whomsoever, lawfully claiming or to claim the same." We further observe that the written assignment from Helms to plaintiff was of claims he had under this deed, and nothing more. If Helms had any claim against Walter Dean under the common law, or otherwise, for damages for fraud, deceit, or conspiracy, his written assignment did not attempt to transfer that to plaintiff, if indeed such a claim could be assigned, which we need not pause now to inquire. In determining the question presented we shall assume

that the claim which Helms had against Davis for the breach of the covenants to the deed executed by Davis and wife to him was transferred to plaintiff either by the deed of Helms to plaintiff, or by his assignment.

Passing now to the question of whether an undisclosed principal is liable on the covenants of a warranty deed executed by his agent, the general rule is that no one is bound by the covenants of a deed who is not named or referred to in the deed as being one to be bound by the covenants and who did not execute it. (15 C. J. 1210, 1261, 1301.)

Generally speaking, it is a well-established rule that an undisclosed principal is bound by executory simple contract made by his agent, although the contract purports to be the individual contract of the agent. (2 C. J. 840.) It is also the well-established rule at common law that an action can be brought upon a sealed contract only against those whose names appear therein, and hence, as to such contract, the principal cannot be held liable when the contract is made by an agent in his own name. (2 C. J. 843.) In accordance with the rule last stated it was held, in *Klopp v. Moore*, 6 Kan. 27, that the trustees of a church in whom the title to the real property of the church was vested were personally liable for the breaches in the covenants of a deed executed by them of church property, which deed was signed and sealed by them individually, notwithstanding the fact that the body of the deed disclosed that they were acting as trustees of the church. In the annotation on this subject (32 A. L. R. 162) the annotator used this language:

"At common law no one but a party to an instrument under seal may be sued on it. Accordingly, the general rule is that a contract properly executed under seal is not enforceable against an undisclosed principal." (Citing many authorities.)

Appellant recognizes the rules above stated, but argues that the rule of the common law above stated is modified by our statute (R. S. 16-106), which reads:

"The use of private seals in written contracts (except the seals of corporations) is abolished, and the addition of a private seal to an instrument of writing shall not affect its character in any respect."

In *Sigler v. Sigler*, 98 Kan. 524, 158 Pac. 864, in dealing with the question of accord and satisfaction, and in discussing the question of a release for a purported consideration, authorities on that question were cited and it was said:

"Formerly an exception to the rule was always made in a case where a release under seal was given with part payment on the theory that a release under seal implies a consideration. But this exception to the rule finds no room for application in those jurisdictions where, as in this state, the distinction between sealed and unsealed instruments has been abolished." (p. 531.)

In view of this statement appellant argues that as the distinction that existed at common law between sealed and unsealed instruments has been abolished by our statute, the rule that an undisclosed principal should be bound by the executory simple contract of his agent, although made in the name of the agent as though he were principal, should apply also to those contracts which at common law were required to be sealed, citing the cases of *J. B. Streeter, Jr., Co. v. Janu,* 90 Minn. 393, and *Efta v. Swanson,* 115 Minn. 373, where that view appears to have been taken. To the extent that these authorities appear to support that view the Minnesota courts seem to stand alone. The view taken by other courts which have passed on the question is that a statute abolishing the use of private seals was simply to do away with the annoyance and confusion arising from its use and was not designed to change the nature of written contracts, and that such a statute does not have that effect. (2 C. J. 843; *Jones v. Morris,* 61 Ala. 518; *Sanger v. Warren,* 91 Tex. 472; *Donner v. Whitecotton,* 201 Mo. App. 443.)

In the case last cited the syllabus reads:

"As a result of section 2773, R. S. 1909, abolishing the use of seals, an undisclosed principal may be held liable for a breach of warranty made by the agent in a deed executed in the latter's own name.

"In such a case the suit to recover is based not strictly on the covenant, but on the facts of the case, and the measure of damages is the extent to which the undisclosed principal is enriched at the expense of the purchaser who bought from him through his agent."

As we have heretofore seen, the suit in this case is founded solely on the covenants of the deed. There is no allegation that Walter Dean ever owned any interest in the property, or was in possession of it, or that he received any of the consideration paid to Davis and his wife by Helms. There are therefore no facts pleaded as there were in the Missouri case which would justify a recovery.

Our recording acts (R. S. 67-205 to 67-230) are designed for the purpose of having a record made of conveyances and other instruments affecting the title to real property so that anyone dealing with a property, or having an interest in it, may determine from the record, or an abstract thereof, the terms or covenants of the instru-

ments affecting the title and the parties liable thereon. It would be inconsistent with our recording act to hold one liable on the covenants of a conveyance who was not named or referred to therein, and who did not execute it, and who is not alleged to have received any financial benefit from it.

The contention of appellant, as applied to a conveyance of real property, is difficult to reconcile with our statute of frauds. (R. S. 33-106.)

The judgment of the court below is affirmed.