JAMES B. HOLMES *vs.* JOHN O. CRUMMETT.

November 20, 1882.

**Foreclosure by Advertisement—Failure to serve Notice on Tenant in Possession.**—A statutory foreclosure is effectual as to the mortgagor (in possession of a part of the land mortgaged, but not residing upon it) who was duly served with notice of foreclosure sale, as required by statute, notwithstanding the fact that another person, occupying as his tenant a dwelling-house and stable upon the mortgaged premises, was not served with such notice.

Appeal by plaintiff from a judgment of the district court for Becker county, where the action was tried by *Stearns,* J.   The case is stated in the opinion.

*C. D. Kerr*, for appellant.

In the foreclosure of a mortgage by advertisement all the essential requirements of the statute must be strictly pursued. *Dana* v. *Farrington*, 4 Minn. 335, (433;) *Lee* v. *Mason*, 10 Mich. 403; *Doyle* v. *Howard*, 16 Mich. 261; *Sherwood* v. *Reade*, 7 Hill, 431; *Williamson* v. *Doe*, 7 Blackf. 12. The failure to serve the notice required by Gen. St. 1878, *c.* 81, § 5, rendered the foreclosure utterly void. *Forster* v. *Hoggart*, 15 Ad. & El. 155; *Williams* v. *Peyton*, 4 Wheat. 77; *Shillaber* v. *Robinson*, 97 U. S. 68; *Low* v. *Purdy*, 2 Lansing, 422; *Cohoes Co.* v. *Goss*, 13 Barb. 137; *Stanton* v. *Kline*, 16 Barb. 9; *Cole* v. *Moffitt*, 20 Barb. 18; *Robinson* v. *Ryan*, 25 N. Y. 320.

*Tyler & Lewis*, for respondent, cited, *contra*, *Atkinson* v. *Duffy*, 16 Minn. 30, (45;) *Menard* v. *Crowe*, 20 Minn. 402, (448;) *Golcher* v. *Brisbin*, 20 Minn. 407, (453;) *Warren* v. *Foreman*, 19 Wis. 35; *Lloyd* v. *Frank*, 30 Wis. 306.

DICKINSON, J.  Action by mortgagor against mortgagee to set aside a statutory foreclosure of a mortgage, or, in the event of such relief being denied, to redeem from the mortgage. The only question involved is whether the foreclosure by advertisement was invalid as to this plaintiff, the mortgagor, by reason of the failure to serve notice of foreclosure sale upon one Rew. The land consists of about 78 acres, upon which was a dwelling-house and stable. At the time of the foreclosure proceedings, Rew was residing in the house and occupying the stable, under a lease from the plaintiff; and by sufferance, also, said lessee used some pasture land upon the premises. About ten acres of the land was under cultivation by the plaintiff, although he did not reside upon the land. Notice of the foreclosure sale was duly served upon plaintiff, but no notice was served upon Rew. Otherwise the foreclosure is not claimed to have been irregular. No prejudice is alleged or shown, as respects this plaintiff, from the failure to serve notice upon Rew. Judgment was rendered in favor of the defendant. The statute, in addition to a prescribed publication, requires notice of the foreclosure sale to be served "on the person in possession of the mortgaged premises, if the same are actually occupied." Gen. St. 1878, *c.* 81, § 5.

It is a general principle that compliance with the prescribed statutory requirements is necessary to make a valid statutory foreclosure; and the statute must undoubtedly be observed as to all steps in the proceeding which are calculated to protect the interests of the party whose rights are in question; and the omission of any required act which the court can see, or from its nature will presume, prejudiced the rights of parties thus sought to be foreclosed, will render ineffectual the attempted foreclosure. But the court will regard the object sought to be accomplished by the statutory requirements, and it is not enough to warrant the granting of relief to one seeking to have a foreclosure set aside or adjudged ineffectual as to him, that there has been an omission of some prescribed act which cannot have affected him, and cannot have been prescribed for his benefit. In this case the only question is whether the plaintiff was barred of his equity of redemption by the foreclosure proceedings. The acts prescribed by statute, so far as they could have affected his interests or his conduct, were complied with. He has no reason to complain that Rew, whose rights, if he had any which could be affected by the foreclosure, are not here involved, was not served with notice.

The mortgagor's equity of redemption was foreclosed, and the judgment was right. It is affirmed.