AMBROSE N. MERRICK and Others v. ERNEST B. PUTNAM.

July 2, 1898.

Nos. 11,112—(209).

Mortgage Foreclosure by Advertisement—Notice of Sale—Assignment of Mortgagee—Dunning v. McDonald Followed.

In proceedings to foreclose certain mortgages by advertisement, the notices of sale were signed by the mortgagee, who, after the first, and before the last, publication thereof, made an assignment for the benefit of its creditors, under the insolvency laws of the state. The deed of assignment was duly recorded. Held, following Dunning v. McDonald, 54 Minn. 1, that a sale of the mortgaged premises pursuant to notices so signed and published would have been invalid.

Same—Fees of Attorney Foreclosing—Right to Prove Claim as General Creditor of Insolvent Estate.

An attorney, employed by the mortgagee to foreclose the mortgages, was requested by the assignee to complete the foreclosures, but was afterwards, and before the sale, directed by the assignee to discontinue such proceedings, because no valid sale could be made thereunder. Held, that he was not entitled to have his fees and expenses on such proceedings paid in full out of the trust estate, as a part of the necessary expenses of administration. He is only entitled to prove his claim against the estate as a general creditor.

Action in the district court for Ramsey county by plaintiffs, partners as Merrick & Merrick, to recover $1,493 from defendant, as assignee of the Gladstone Land Company, for services rendered and expenses incurred by plaintiffs as attorneys at law for defendant and his assignor. The cause was tried before Kelly, J., and a jury. When plaintiff rested, the court, on motion of defendant, dismissed the action. From an order denying plaintiffs' motion for a new trial, they appeal. Affirmed.

*Clark & Jaques,* for appellants.

The foreclosure sales, under the notices published in the name of

the Gladstone Land Company, would, if completed, have been valid. Kinney v. Sharvey, 48 Minn. 93; Gunn v. Smith, 71 Minn. 281; Schieffelin v. Hawkins, 1 Daly, 289; King v. Remington, 36 Minn. 15; Baldwin v. Allison, 4 Minn. 11 (25); Towle v. Rowe, 58 N. H. 394; Delaware v. Scranton, 34 N. J. Eq. 429. Ernest B. Putnam, as assignee of the Gladstone Land Company, had a right to proceed with the foreclosures in question, under the notices signed by the Gladstone Land Company, and, when he ordered the attorneys who commenced the proceedings to continue and complete them, he adopted their work, and rendered the estate liable for their services.

*Stevens, O'Brien, Cole & Albrecht,* for respondent.

To entitle plaintiffs to proceed against the trust fund, they must, in the first place, show some agreement or peculiar condition of affairs which entitle them to a lien upon the fund. Truesdale v. Philadelphia T. S. D. & I. Co., 63 Minn. 49; Johnson v. Leman, 131 Ill. 609. Moreover, cases where third persons are allowed to proceed against the trust estate for services are limited to occasions where the services were useful or beneficial to the estate. Trustees v. Greenough, 105 U. S. 52; Seibert v. Minneapolis & St. L. Ry. Co., 58 Minn. 58. The attorneys of the assignee were most anxious to adopt the foreclosure proceedings initiated by plaintiffs if they could, for it would be a saving of time and expense to the estate, but they felt absolutely constrained to say, under the ruling in Dunning v. McDonald, 54 Minn. 1, that this could not be done, and that such a foreclosure would be entirely ineffectual. We cannot see how the correctness of this view can be any longer a legitimate subject of argument under the decisions of this state. Backus v. Burke, 48 Minn. 260; Burke v. Backus, 51 Minn. 174.

START, C. J.

The Gladstone Land Company, a corporation, on March 9, 1897, employed the plaintiffs, who are lawyers, to foreclose by advertisement 27 real-estate mortgages. They accepted the employment, and made the necessary examination of the abstracts of title, prepared a notice of foreclosure sale in each case, and caused the notices, in which April 30, 1897, was named as the day of the sale,

73 M.—16

to be published for the first time on March 13, 1897, and the publication thereof was continued until April 24, 1897. On March 31, 1897, the Gladstone Land Company duly made an assignment of all of its property for the benefit of its creditors, under the insolvency laws of the state, to the defendant, who duly accepted the trust. The deed of assignment was on the same day duly recorded in the office of the register of deeds of the proper county. Shortly afterwards, the defendant, as such assignee, consulted with the plaintiffs as to such foreclosure proceedings, and requested them to proceed therewith and to furnish him with a list of the mortgages and a statement of the fees and expenses of foreclosure, which they did. Afterwards, on April 29, 1897, and before the last publication of the notices of the foreclosure sale was made, the defendant wrote to the plaintiffs, in effect, to proceed no further with the foreclosures, for the reason that they should have been discontinued by the plaintiffs at the time the assignment was made, because any sale made thereafter under notices signed by the Gladstone Company would be invalid. Thereupon the plaintiffs discontinued the foreclosure proceedings, and brought this action to recover from the defendant, in his official capacity as such assignee, the sum of $925 for attorneys' fees and $568 printers' fees incurred in such foreclosure proceedings.

The right of the plaintiffs to prove their claim for such services and expenses against the estate of the assignor, the Gladstone Land Company, is conceded. Such, however, is not the purpose of this action, but it is to secure payment therefor in full out of the trust estate as a part of the expenses of the administration thereof. At the close of the plaintiffs' evidence, which tended to establish the foregoing facts, the trial court granted defendant's motion to dismiss the action, and the plaintiffs appealed from an order denying their motion for a new trial.

The contention of plaintiffs is, as stated in their brief, this:

"We contend, therefore, that Ernest B. Putnam, as assignee of the Gladstone Land Company, had a right to proceed with the foreclosures in question under the notices signed by the Gladstone Land Company, and that, when he ordered the attorneys who commenced

the proceedings to continue and complete them, he adopted their work, and rendered the estate liable for their services."

No valid foreclosure of the mortgages could have been made after the assignment by a sale of the mortgaged premises under the notices of sale signed by the assignor. Dunning v. McDonald, 54 Minn. 1, 55 N. W. 864. In the case cited, it was held that a power of sale in a mortgage cannot be severed from the legal ownership of the mortgage; and it passes to the assignee thereof, and can only be exercised by the person in whom it is vested, and he must first qualify himself for the exercise of the power by making his assignment of the mortgage a matter of record. Therefore, where a notice of a mortgage foreclosure sale by advertisement is signed by the owner of record of the mortgage at the time the first publication of the notice is made, but, before the last publication is completed, there is a change, by an assignment thereof, in the ownership of the mortgage, no valid sale can be made under the notice.

Such is the case at bar. The notices of sale were signed by the Gladstone Land Company, the mortgagee, and, after the third publication, it ceased to be the owner of the mortgages, and the legal title of record was vested in the defendant as assignee.

The plaintiffs seek to distinguish the case cited from this one, on the ground that the defendant in this case took the mortgages in trust for the benefit of creditors. True; but for the purposes of the trust the legal title passed by the assignment to the defendant, and with the legal title the power of sale, and thereafter he was the only person authorized to execute the power.

The case of Baldwin v. Allison, 4 Minn. 11 (25), relied upon by plaintiffs, is not in point. In that case there was no assignment of the mortgage or transfer of title of record. The notice of sale was signed by the administrator, and the day before the sale he was removed, and a special administrator appointed, who made the sale under the notice. If, in this case, the assignee had commenced the foreclosure proceedings after the assignment had been recorded, signing the notices, and on the day before the sale he had been removed, and his successor had made the sale, the case in this particular would be somewhat similar to the one relied on.

The assignee in this case ought to have been advised that no valid foreclosures could be made under the notices and at once to discontinue them, for the question was neither new nor doubtful. The evidence does not disclose what, if any, advice the plaintiffs gave to the defendant in this particular; but it is apparent from the evidence that the assignee, after investigation, reached the conclusion that no valid foreclosures could be made under the notices, and he legally and rightly directed the proceedings to be discontinued. Such being the case, there was nothing for the assignee to adopt, and any services performed by the plaintiffs as to such foreclosure proceedings after the defendant had qualified as assignee were not, and could not be, of any value or benefit to the trust estate; and the plaintiffs are not entitled to be paid therefrom for their services, to the exclusion of other creditors.

The plaintiffs ought to be paid for their services and disbursements to the date of the assignment, but it is their misfortune that their debtor became insolvent and made an assignment. Their claim is not a preferred one, and they must take their chances with the other creditors of the insolvent.

Order affirmed.