LARS THOMPSON v. TOWN OF BERLIN.
CARRIE THOMPSON v. SAME.[1]

June 27, 1902.

Nos. 13,040, 13,041—(172, 173).

### Highway—Service of Notice.

G. S. 1894, § 1808, providing that, whenever the supervisors of a town receive a petition for laying out a highway, they shall cause notice of the time and place fixed for hearing thereon to be served upon all occupants of the land through which the highway may pass, *held* to require the service upon the person having the actual possession and control of the land, and not upon all those who may reside thereon.

### Construction of Notice.

The notice of hearing in proceedings by the supervisors to lay out a highway designated as the place of meeting "the northwest corner section ten," without naming any township, range, or other fact definitely locating the place. The proposed highway extended along the section line between sections three and ten of a certain township and range, which were stated in the body of the notice. It is held that the notice should be read as a whole, and, so reading it, that it sufficiently designated the place of meeting as at the place of the proposed highway.

### Jurisdiction of Town Supervisors.

It is the fact of service of such notice, and not the proof of it, which gives jurisdiction in proceedings of this kind. Proof in this case *held* sufficient to sustain the findings of the supervisors that service was in fact made.

Separate actions in the district court for Steele county by Lars Thompson and Carrie Thompson, to quiet title to land. The cases were tried together before Buckham, J., who found in favor of defendant. From separate judgments entered pursuant to the findings, plaintiffs appealed. Judgments affirmed.

*S. T. Littleton* and *Harlan E. Leach*, for appellants.
*E. W. Richter* and *P. McGovern*, for respondent.

BROWN, J.

Separate actions to quiet title to a tract of land in Steele county were brought, one by Lars Thompson, and one by Carrie Thompson,

[1] Reported in 91 N. W. 25.

against this same defendant, but were consolidated and tried together. Defendant had judgment in each case, and both plaintiffs appealed therefrom.

The principal, and in fact the only, question involved in this case, is whether the locus in quo is a public highway. The complaint describes the land, the title to which plaintiff seeks to have quieted, by metes and bounds; and it is urged that, as defendant did not specifically show on the trial that the land included within that description is embraced within the alleged highway, plaintiff is entitled to a reversal of the judgments appealed from. Whether there was a technical failure of proof in this respect, we shall not stop to determine. There is nothing of real substance in the contention, and it does not require serious consideration. The fact remains that the land in controversy is embraced within the highway alleged and claimed by defendant to have been established by the proceedings relied upon to show that fact, otherwise these actions would not have been brought. So we turn at once to the questions presented affecting the validity of the highway proceedings.

1. The first question is whether the supervisors' notice of hearing on the petition for the highway should have been served upon plaintiff Lars Thompson.

G. S. 1894, § 1808, provides that whenever the supervisors receive a petition for laying out, altering, or discontinuing any highway, they shall make out a notice, and fix therein a time and place at which they will meet and decide upon the same; and the applicant for the highway is required to cause the notice to be served upon all "occupants" of land through which the same may pass. It is contended that plaintiff Lars Thompson was an "occupant" of this land, within the meaning of this statute, and that the proceedings on the part of the board of supervisors in ordering the highway laid out are wholly invalid, because no notice was served upon him as required thereby. We have been cited to no cases directly in point. Statutes requiring service of notice of this kind vary in different states. Some require the notice to be served upon the owner of the land to be affected by the proposed highway, and others that it be served upon the occupants. Where the service is

required to be made upon the occupants only, the manifest inference is that the use of the word "occupant" was not intended by the legislature in the sense of "owner," but, rather, synonymously with "possession." If it was the intention that the owner be thus served, it would have been a very easy matter to have worded the statute accordingly; but the legislature undoubtedly considered that every purpose would be subserved by requiring the notice to be served upon the person having the actual occupancy, or possession and control, of the land to be affected by the highway. It is frequently inconvenient to reach the owner of the land by the local authorities because of his nonresidence; and in the supposition, no doubt, that notice to the occupant or person in possession would in almost every instance reach the owner, such service was deemed all that was necessary, aside from the general service by posting the same in public places, to protect the rights of all interested parties.

The only question to determine in this connection is whether Lars Thompson was an occupant of the land, within the meaning of this statute. He resided upon the land with his mother, and performed the manual labor incident to its cultivation; but he was not in control of the premises, and whatever rights he had were subject and inferior to those of his mother. The land was formerly owned by one G. Thompson, who is now deceased, and is now owned in fee by plaintiff Lars Thompson, subject to the life estate therein of his mother, plaintiff Carrie Thompson. Both plaintiffs resided upon the land, and have for the past five years; the plaintiff Carrie Thompson having, by virtue of her life estate, the superior right and the actual control and management of the same. We take it that the land was formerly the homestead of G. Thompson, and that his widow and son, plaintiffs in these actions, have continued to reside thereon since his death,—the widow by virtue of her statutory life estate, and the son by virtue of his reversionary interest. We do not think the latter, under the findings of the trial court, an occupant, within the meaning of the statute, and service of notice upon him was unnecessary. It is true, he was residing upon the land; but his mother had the superior and paramount right in that respect, and it is conceded

that she had the control and management of the property. The statute must be construed, to effectuate the intent of the legislature, to mean and to require service upon the person occupying and controlling the land, and to exclude those who merely reside thereon, even though they may have some vested estate therein. So long as their occupancy is subordinate to that of another, they do not come within the meaning of the statute.

2. The supervisors' notice is claimed to be defective, in that the place of hearing was not definitely stated therein. The notice is as follows:

"Notice is hereby given that the supervisors of the town of Berlin, in the county of Steele and state of Minnesota, will meet on the 30th day of June, 1899, at one o'clock in the afternoon, at the northwest corner Sec. ten, for the purpose of personally examining the route named below, proposed for a new road, and for hearing all reasons for or against said proposed laying out, and deciding upon said application. Said proposed new road, as described in the petition, is as follows: Commencing at the southeast corner of Sec. number 3, township one hundred and five (105) north, of range twenty-one (21) west, running thence west on the section line between sections three (3) and ten (10), and also between sections four (4) and nine (9), to the southwest corner of said section number four (4) in said township and range."

The place of hearing is designated as the "northwest corner Sec. ten," without naming any township or range, or other fact, for the purpose of identification. Standing alone, this would be clearly insufficient, for it designates no place, with a sufficient degree of certainty, when and where the board of supervisors will meet to consider the petition. Yet when the entire notice is taken together, no intelligent person could be at all deceived as to the place of meeting, and we are of opinion that it should be read as a whole. So reading it, there is no doubt as to its sufficiency. Technical legal precision is not to be expected or required in proceedings of this nature. Courts must view and treat them with liberality. And though the statutes must be strictly complied with as to jurisdictional prerequisites, where there is a substantial compliance as to form and contents of papers, documents, and proceedings, and it is reasonably apparent that interested parties

have not in fact been misled to their prejudice, they should be upheld and sustained.

3. It is also contended that proof of the service of the notice was insufficient to confer jurisdiction upon the supervisors to act. The affidavit of service is in the following language:

"Samuel V. Peterson, being duly sworn, says that on the 17th day of June, 1899, he served the within notice upon each of the occupants of the land through which the within described highway may pass, by leaving copies as follows: * * * To Mrs. G. Thompson at her usual place of abode with Mrs. Lars Thompson, a person of suitable age and discretion."

It is the fact of service, and not the proof of it, which gives jurisdiction in proceedings of this kind. Town of Haven v. Orton, 37 Minn. 445, 35 N. W. 264; Hurst v. Town of Martinsburg, 80 Minn. 40, 82 N. W. 1099. The affidavit is a little informal, but from it the supervisors found the fact, as disclosed by the order laying out the highway, that the notice of hearing had been duly and properly served; and there is no doubt but that their finding in the premises must be sustained, there being no showing that service was not in fact made. Burkleo v. County of Washington, 38 Minn. 441, 38 N. W. 108; Hurst v. Town of Martinsburg, supra.

The judgments appealed from are affirmed.