JOHN CASSERLY v. JAMES J. MORROW and Others.[1]

April 26, 1907.

Nos. 15,090—(54).

**Venue—Action to Annul Mortgage Foreclosure.**

An action to set aside a mortgage foreclosure and sale of the mortgaged premises and to redeem from the mortgage is a local action, which must be brought in the county in which the land is situated.

**Mortgage—Foreclosure by Assignee.**

A party claiming to be the assignee of a mortgage must have a recorded legal assignment thereof before he can foreclose it by advertisement.

**Same—Assignment without Name.**

An instrument purporting to be an assignment of a mortgage, in which no assignee is named, but a blank space left for his name, is, until the blank is legally filled, a nullity. If, however, the name of the assignee is afterwards inserted in the instrument by the authority of the mortgagee, ex-

[1] Reported in 111 N. W. 654.

press or implied from circumstances, and then recorded, it is a valid assignment, and the assignee may foreclose the mortgage by advertisement.

**Notice of Foreclosure.**

Where the mortgaged premises consist of two separate farms, each of which is occupied by a different party, a notice of foreclosure by advertisement must be served on each.

Appeal by defendants from an order of the district court for Redwood county, Webber, J., overruling a demurrer to the complaint. Affirmed.

*James A. Kellogg,* for appellants.

*C. W. Gilmore* and *Joe Kirby,* for respondent.

START, C. J.

Appeal from an order of the district court of the county of Redwood overruling the defendants' general demurrer to the complaint herein.

The action was originally commenced in the district court of the county of Redwood to set aside a mortgage foreclosure and sale of the mortgaged premises, situated in that county, and to redeem from the mortgage. Upon the demand and affidavit of the defendants the clerk of the court transmitted all the files and papers in the cause to the district court of the county of Hennepin. The defendants then demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The plaintiff then moved the district court of the county of Hennepin to remand the case to the district court of the county of Redwood, and it was so remanded, on the ground that it was a local action, which was properly triable in the county where the mortgaged premises were situated. The plaintiff then noticed the cause for hearing on the demurrer before the district court of the county of Redwood. The defendants appeared specially and objected to the hearing, on the ground that the court had no jurisdiction to hear the matter, for the reason that the action was still pending before the district court of the county of Hennepin. This objection and the demurrer were overruled.

The first objection here urged by the defendants is that the court erred in overruling their objection to the hearing on the demurrer. Flowers v. Bartlett, 66 Minn. 213, 68 N. W. 976. The objection is without merit, for the action is one to establish the right to redeem

101 M.—2

from a mortgage on lands situated in the county of Redwood, and, as an incident to such relief, to set aside a foreclosure sale of the lands. It is, then, an action to determine an estate or interest in the land, and triable in the county where the real estate is situated. It is just as clearly so as is an action to foreclose a real estate mortgage. R. L. 1905, § 4089; Kommer v. Harrington, 83 Minn. 114, 85 N. W. 939.

The allegations of the complaint, which are necessary to be considered in determining the question whether or not the complaint states a cause of action, are to the effect following: On December 30, 1901, A. J. Harrington was the owner in fee of the land in question, namely, the southwest ¼ of section 24 and the west ½ of the northeast ¼ of section 25, all in township 111, range 39, and on that day he executed a mortgage on the whole thereof to the Minneapolis Threshing Machine Company to secure the payment of $1,028, which was duly recorded on January 4, 1902. Thereafter, and on July 2, 1902, Harrington by warranty deed conveyed the southwest ¼ of section 24 to Moses Mitchell, and the deed was duly recorded on August 25, 1902, who, on July 2, 1902, gave a mortgage thereon, with other land then owned by him, to the plaintiff herein, to secure the payment of $4,472. The mortgage was duly recorded on August 9, 1902. Default was made in the payment of this last-named mortgage, and it was duly foreclosed, and the land therein described duly sold on foreclosure sale January 10, 1905, to the plaintiff, for $4,961.12, being the amount then due on the mortgage and costs of foreclosure. The land included in the plaintiff's mortgage is of the value of $6,000, and the value of the other land does not exceed $2,000. On November 3, 1902, Harrington by warranty deed conveyed the west ½ of the northeast ¼ of section 25 to Peter T. Casserly. His deed was recorded December 17, 1902, and before the commencement of this action he conveyed the land to the plaintiff.

On February 25, 1903, a certain paper purporting to be an assignment by the Minneapolis Threshing Machine Company of its mortgage to the defendant James J. Morrow was recorded in the office of the register of deeds of the proper county. The Minneapolis Threshing Machine Company never in fact at any time executed an assignment of its mortgage to Morrow, but, on the contrary, a paper in blank, which contained the name of no assignee, was signed and acknowl-

edged by the Minneapolis Threshing Machine Company, and there-after some one, not the mortgagee, but unknown to the plaintiff, the mortgagor, and the mortgagee, inserted the name of the defendant Morrow in the paper and filed it for record. Morrow, pursuant to such supposed assignment, attempted to foreclose the mortgage by advertisement, and on September 26, 1903, a purported foreclosure sale of the different tracts of land described in the mortgage was made in gross to Morrow for the sum of $1,221.43. Thereupon a sheriff's certificate of sale of the lands was made and recorded September 29, 1903.

At the time of such attempted foreclosure the two tracts of land described in the mortgage were separate and distinct farms. The southwest $\frac{1}{4}$ of section 24 was occupied by Mitchell, the owner there-of, by his tenant, and Peter T. Casserly, the owner of the west $\frac{1}{2}$ of the northeast $\frac{1}{4}$ of section 25, was in possession thereof by his tenant, who was in actual occupation thereof and a person other than the tenant of Mitchell. No notice of foreclosure was served on the occupant of the eighty acres, Casserly's tenant, nor was any affidavit of vacancy filed in relation thereto. Neither the plaintiff nor Peter T. Casserly had any knowledge or information of the purported fore-closure proceedings until the spring of 1905.

On October 10, 1905, the plaintiff tendered the full amount due on the mortgage and the alleged certificate of sale, and has been ever since and now is ready and willing to pay such amount in redemption of the premises. But the defendants deny his right to redeem. The prayer of the complaint is that the foreclosure sale be set aside, that an accounting be had, and the plaintiff be permitted to redeem.

Do these allegations of the complaint, assuming, as we must, that they are true, entitle the plaintiff to any relief? We answer the question in the affirmative.

A party claiming to be the assignee of a mortgage must have a legal assignment thereof, duly recorded, before he can foreclose it by advertisement. Dunning v. McDonald, 54 Minn. 1, 55 N. W. 864; Merrick v. Putnam, 73 Minn. 240, 75 N. W. 1047; Peaslee v. Ridgway, 82 Minn. 288, 84 N. W. 1024. The defendant Morrow, at the time he attempted to foreclose the mortgage by advertisement, had what

appeared to be a legal assignment of the mortgage, which was duly recorded; but the allegations of the complaint show that, when the instrument purporting to be an assignment of the mortgage was executed by the mortgagee and came to the hands of Morrow, no assignee was named in the instrument, and in this respect the instrument was a blank, and a nullity, until the blank was legally filled, leaving the title and right to foreclose in the mortgagee. Allen v. Allen, 48 Minn. 462, 51 N. W. 473; Curtis v. Cutler, 76 Fed. 16, 22 C. C. A. 16, 37 L. R. A. 737. If, however, Morrow's name was inserted as assignee in the instrument by the authority of the mortgagee, express or implied from circumstances, and then recorded, he was in law the legal owner of record of the mortgage and entitled to foreclose. State v. Young, 23 Minn. 551; Van Etta v. Evenson, 28 Wis. 33, 9 Am. 486; Friend v. Yahr, 126 Wis. 291, 104 N. W. 997, 1 L. R. A. (N. S.) 891, 110 Am. St. 924. The allegations of the complaint do not show that Morrow's name was inserted in the assignment by the authority of the mortgagee. On the contrary, they negative such authority, and, if they are true, the foreclosure was void.

Again, the statute (R. L. 1905, § 4459) requires that notice of the foreclosure sale must be served on the person in possession of the mortgaged premises. A failure to comply with this statute invalidates the foreclosure. The service of this notice upon the occupant is required, not solely for his benefit, but as the means of communicating through him notice to all who may be interested in the land, and any person having an interest in the mortgaged premises, or any part thereof, derived through the mortgagor, may have the foreclosure sale set aside, if the statute is not complied with. Holmes v. Crummett, 30 Minn. 23, 13 N. W. 924; Casey v. McIntyre, 45 Minn. 526, 48 N. W. 402; Swain v. Lynd, 74 Minn. 72, 76 N. W. 958.

If the mortgaged premises consist of two separate farms, each of which is occupied by a different party, the notice of foreclosure must be served on each. In such a case each occupant, if holding in his own right, is entitled to notice, so that he may protect his interests. If he is in possession in the right of another, then notice must be served on him, so that through him notice may reach the party from and for whom he holds possession.

Now, the complaint alleges, and the demurrer admits, that, when the attempt was made to foreclose the mortgage in question, the mortgagor, Harrington, had conveyed the mortgaged premises, the southwest ¼ of section 24 to Mitchell, whose tenant was then in actual occupancy, and the west ½ of the northeast ¼ of section 25 to Peter T. Casserly, through whom the plaintiff claims, whose tenant was then in the actual occupancy thereof, and that the notice of foreclosure was only served on Mitchell's tenant. The complaint, then, shows upon its face that the foreclosure sale is void, because the service of the notice of foreclosure was insufficient.

This case differs from the case of Holmes v. Crummett, 30 Minn. 23, 13 N. W. 924. In that case there was but one tract of land, upon which there was a dwelling house and stable, which at the time of the foreclosure proceedings were occupied by a lessee of the mortgagor, and by sufferance he used some of the land for a pasture. The balance of the premises was in the possession of the mortgagor. The notice of foreclosure was duly served on the mortgagor, but none was served on his tenant. Because of this omission the mortgagor brought the action to set aside the foreclosure sale, and it was held valid, on the ground that the acts prescribed by the statute, so far as they could have affected the interests or conduct of the mortgagor, were complied with. The necessary inference from the decision in the case referred to is that, if the facts had been similar to the facts in the case at bar, the foreclosure sale would have been void. It does not appear upon the face of the complaint that the plaintiff has been guilty of laches.

Order affirmed.