## K. G. SKARTUM AND ANOTHER v. EMMA C. KOCH.[1]

March 2, 1928.

No. 26,574.

**Service of notice of foreclosure by advertisement of mortgage on farm was sufficient.**

In the foreclosure by advertisement of a mortgage on a farm the notice of foreclosure and sale was served upon the tenant holding the entire farm under lease from the owner. The failure to serve also upon those who owned and occasionally used a hunter's cabin on the premises did not invalidate the foreclosure.

Mortgages, 41 C. J. p. 957 n. 32.

Plaintiffs appealed from a judgment of the district court for Lincoln county, Enersen, J. Affirmed.

*Johnson & Schaefer,* for appellants.

*James H. Hall* and *R. F. Schulz,* for respondent.

STONE, J.

In this action to set aside the foreclosure of a real estate mortgage by advertisement, plaintiffs appeal from the judgment. The premises in question are a farm on the shores of Lake Benton in Lincoln county. In 1920 it was owned by plaintiff K. G. Skartum, and in that year he and his wife, the other plaintiff, mortgaged the place to defendant. That mortgage was foreclosed by advertisement in 1924. It is that foreclosure which is now in question.

In 1920 plaintiffs granted to one Stevens and others a license to erect a hunting and fishing "shack or cabin" on the farm and near the lake. A cabin was so erected and is used by the persons entitled to the privilege during the hunting and fishing seasons. Otherwise it is not used or occupied save as its equipment of bedding and household utensils remains in it the year round. There are no farm buildings on the place, but it is nevertheless largely under cultivation. In 1920, after having authorized the erection

[1]Reported in 218 N. W. 446.

of the hunter's cabin aforesaid, plaintiffs leased the entire farm, without reservation or exception of the cabin site, to one Johnson under a formal written lease, pursuant to which the lessee went into and remained in possession, using the farm for its proper agricultural purposes.

Plaintiffs as owners, not being in possession of the farm or any part thereof, no notice of the foreclosure and sale was served upon them. The argument for plaintiffs is that the foreclosure was invalid because, although the notice was duly served upon the tenant, Johnson, it was not served upon any occupant of the hunter's cabin. That argument misconceives, we think, the controlling purpose of the statute (G. S. 1923, § 9604), requiring notice of the foreclosure to be served upon the person in possession if the mortgaged premises are "actually occupied." Courts must regard that purpose, and it is not enough to invalidate a foreclosure that as to one seeking such a result "there has been an omission of some prescribed act which cannot have affected him, and cannot have been prescribed for his benefit." Holmes v. Crummett, 30 Minn. 23, 13 N. W. 924. There, as here, the statute, in so far as it protected the interests of the plaintiffs, was complied with. This entire farm was leased to one tenant, who had possession of and was farming the whole place. Notice was served upon that tenant, who for the purpose of the foreclosure statute was the representative of the owners, these plaintiffs. So the reason and spirit of the statute were satisfied and its purpose accomplished. The interest of the owners was protected to the extent that the statute requires such protection by service of notice upon an occupant.

If in any real sense there were occupants of the cabin, their occupancy was wholly incidental and subservient to that of the tenant of the whole farm, and so of no significance for present purposes. In that respect the case is similar to Holmes v. Crummett, 30 Minn. 23, 13 N. W. 924, where the notice was served upon the mortgagor, himself in possession of most of the mortgaged land but residing elsewhere, and not upon another person actually occupying the only buildings on the place. That such occupancy as there was of the hunter's cabin was incidental and of no significance for

present purposes is shown by Thompson v. Town of Berlin, 87 Minn. 7, 91 N. W. 25. That was a highway case where service of notice was required upon "all occupants" of the affected land. That was held to mean service upon "the person occupying and controlling the land" as distinguished from one who merely resided thereon.

In Fitger v. Alger, Smith & Co. 130 Minn. 520, 153 N. W. 997, the distinction is made between a "trivial occupancy" and one that is "substantial and suited to an appropriate use of the property possessed."

Casserly v. Morrow, 101 Minn. 16, 111 N. W. 654, and St. Paul Swimming Club v. First State Bank, 148 Minn. 430, 182 N. W. 514, are broadly distinguishable. In the former, at the time of foreclosure the premises consisted of two farms, each actually occupied by its own tenant. The possession of each was as to his own portion of the land independent of and of the same dignity as that of the other. Of course service on one of such tenants did not satisfy the statute. In the Swimming Club case there was actual occupancy but no service at all, a defect as fatal as plain.

In the present case there was both occupancy and service. The presence of the cabin and its contents was at best evidence of occasional and brief sojourns. Under the circumstances of this case, not even residence was indicated, to say nothing of an occupancy other than and independent of that of the formal lessee and tiller of the whole farm.

We affirm because the service upon Johnson, the plaintiffs' tenant, accomplished fully the purpose of the statute and plaintiffs were not prejudiced in the slightest by the absence of service upon those in occasional and fleeting tenure of the hunting lodge.

Judgment affirmed.