IN RE PETITION OF RHODE ISLAND HOSPITAL TRUST
COMPANY FOR NEW CERTIFICATE OF TITLE.
CALHOUN BEACH HOLDING COMPANY AND ANOTHER,
APPELLANTS.[1]

April 13, 1934.

No. 29,751.

[1]Reported in 254 N. W. 466.

*George C. Stiles* and *John A. Goldie,* for appellants.
*Kingman, Cross, Morley & Cant,* for respondent.

*LORING, Justice.*

This was a proceeding under · the Torrens registration act, 2 Mason Minn. St. 1927, c. 65, in which the Rhode Island Hospital Trust Company as applicant sought the cancelation of the outstanding certificate of title and the issuance of a new certificate to vest in that company, as petitioner, the title to certain lots in Lagoon Heights, an addition to Minneapolis, on which were the Calhoun Beach Apartments and garage. The district court granted the relief sought by the applicant, and the appellants, having moved for amended findings or a new trial in the court below, have brought the case here upon appeal from the order denying their motion.

The applicant asserts title by foreclosure for a past due instalment on its mortgage. The time for redemption has expired. The foreclosure was by advertisement, and the principal question involved on this appeal is whether or not, in such a foreclosure, it was necessary to serve the notice of foreclosure sale upon the tenants in the apartment houses located on the lots covered by the mortgage. It appears that the owner of the fee at the time of the foreclosure was the Calhoun Beach Holding Company, which operated the apartment houses in the customary way with a resident manager who lived in one of the apartments and looked after the heat, water, refrigeration, and the interior decorating and such other services as are usually furnished to tenants in large apartment houses. The grounds outside the building, the whole basement, the hallways, and the stairways were in possession and under control of the company. Service of the mortgage foreclosure notice was made upon the resident manager and also upon the president of the company. Service was attempted to be made upon all of the tenants but failed in the case of three or four of them.

■ 2 Mason Minn. St. 1927, § 9604, requires a copy of the foreclosure notice to be served in like manner as a summons in a civil

action upon the person in possession of the mortgaged premises if the same are actually occupied. Such service is to be made at least four weeks before the sale.

The mortgage here under consideration was given by the Lincoln Securities Company in June, 1928, shortly after the property had been conveyed to it by the Calhoun Beach Holding Company, to whom it was reconveyed within a short time after the giving of the mortgage. This mortgage was for $145,000, payable in instalments, and was subsequently assigned by the mortgagee to the Rhode Island Hospital Trust Company, a Rhode Island corporation, this applicant. There was a second mortgage by the Calhoun Beach Holding Company to Benjamin Lifson in the sum of $55,000. Lifson was not served with notice but learned of the sale within six months. He and the holding company are opposing the issuance of the new certificate.

No case has been cited to us which is exactly in point on the necessity of service upon the various tenants of an apartment building which is being managed and operated as were the buildings here involved. The rights of the tenants who were not served are not here involved, but only those of the fee owner and the second mortgagee. In Holmes v. Crummett, 30 Minn. 23, 25, 13 N. W. 924, this court had under consideration an attack upon a mortgage foreclosure by advertisement where a dwelling house and stable on the mortgaged premises were occupied by a tenant. The remainder of the land was under cultivation or in use by the mortgagor. Notice of the foreclosure sale was served upon the mortgagor, who lived elsewhere, but not upon the tenant, who occupied the house and stable. His rights were not involved in the action which was brought by the mortgagor to set aside the foreclosure by advertisement, and the court held that the foreclosure was good.

Undoubtedly, as was said in that case [30 Minn. 25], "all steps in the proceeding which are calculated to protect the interests of the party whose rights are in question" must be observed, "and the omission of any required act which the court can see, or from its nature will presume, prejudice the rights of the parties thus sought to be foreclosed, will render ineffectual the attempted foreclosure.

But the court will regard the object sought to be accomplished by the statutory requirements, and it is not enough to warrant the granting of relief to one seeking to have a foreclosure set aside or adjudged ineffectual as to him, that there has been an omission of some prescribed act which cannot have affected him, and cannot have been prescribed for his benefit."

We are of the opinion that the Calhoun Beach Holding Company was, under the circumstances, the person in possession of the premises and that it was unnecessary to serve all or any of the apartment house tenants. Their rights are not involved here. The holding company was in possession and in control of the entire parcel of real estate upon which the apartment houses and garage were located. If it lacked control or possession of any part of the buildings it was the garage under lease to Salvail, who was actually served with notice of the sale. In Skartum v. Koch, 174 Minn. 47, 218 N. W. 446, it was held that failure to serve notice of the mortgage foreclosure sale upon those persons who owned and occasionally used a hunter's cabin on a farm that was being foreclosed did not invalidate the mortgage foreclosure.

We are convinced that service upon the holding company in the case at bar accomplished fully the purpose of the statute and that neither that company nor the second mortgagee was at all prejudiced by lack of service upon some of the tenants in the apartment houses which in reality were in possession of the company. Lifson's only claim to prejudice in failure to serve the omitted tenants is that he was advised that the foreclosure was defective and hence did not redeem. He makes no claim that his delay in learning of the foreclosure in any way prevented him from redeeming.

■ The appellants also assert a fatal defect in the return of service which recited that service had been made upon "H. A. Salisbury" as the tenant of the garage when in fact his name is Hector A. Salvail. The court found that service was actually made upon Salvail, and it is the fact of service that controls and makes it effectual, not the return. Golcher v. Brisdin, 20 Minn. 407 (453).

■ The applicant in these proceedings is a Rhode Island corporation, and the appellants take exception to the court's failure to dismiss the application on account of noncompliance with 2 Mason Minn. St. 1927, § 8253, which requires the appointment of a resident agent in case of filing an original application by a nonresident for the registration of title under the Torrens act. The application here involved was one under 2 Mason Minn. St. 1927, § 8304, which authorizes the issuance of a new certificate of title to land already registered. The officials in charge of registration have not considered that § 8253 applies to applications made under § 8304, and we think that construction of the law is correct. Apparently the subsequent applications referred to in § 8253 are those which may be made for registration of title where the earlier ones are dismissed for some reason or other. At any rate, we can see no prejudice to appellants' rights in the refusal of the trial court to dismiss the application on this ground.

This disposes of the three points made by the appellants, and the order of the trial court must be affirmed.

