FARM CREDIT BANK OF ST. PAUL, f/k/a Federal Land Bank of St. Paul, Appellant,

v.

Gerald W. KOHNEN, et al., Terri Fleischhacker, intervenor, Respondents.

No. C2-92-1138.

Court of Appeals of Minnesota.

Dec. 22, 1992.

Review Denied Feb. 25, 1993.

James L. Wiant, Roger C. Justin, Rinke–Noonan, St. Cloud, for appellant.

Clyde E. Miller, Miller, Maus & Reigstad, P.A., Hector, for Gerald W. Kohnen, et al.

Terri Fleischhacker, pro se.

Considered and decided by HUSPENI, P.J., and SCHUMACHER and AMUNDSON, JJ.

## OPINION

HUSPENI, Judge.

Appellant Farm Credit Bank of St. Paul challenges the district court's grant of summary judgment to respondents, arguing that pursuant to Minn.Stat. § 580.03 (1990), appellant did not need to serve notice of foreclosure upon a tenant who was in possession of the mortgaged premises in order to validly foreclose by advertisement. We reverse and remand.

## FACTS

Respondents Gerald and Alicia Kohnen (the Kohnens) own and farm 260 acres of farm land in Stearns County, Minnesota. In 1982 they executed a promissory note and mortgage for $240,000 in favor of appellant Farm Credit Bank of St. Paul (the Bank), formerly known as the Federal Land Bank of St. Paul. In June 1989, the Bank declared the Kohnens to be in default on the loan and accelerated the entire outstanding debt. When the Kohnens failed to pay the debt, the Bank began foreclosure proceedings.

The Bank elected to foreclose the mortgage by sale of the mortgaged premises, and timely served the statutorily required notice of foreclosure sale on the Kohnens, who lived in a house on the farm. Intervenor Terri Fleischhacker, daughter of the Kohnens, lived on the farm with her husband in a mobile home, which was a sepa-

rate residence having a separate mailing address from the Kohnens. Fleischhacker conducted a dairy business on the farm, and had a one-half interest in the dairy cattle kept on the farm. She was not an owner of the farm and had no interest of record. The Bank concedes it never served notice upon Fleischhacker.

The foreclosure sale was held April 1, 1991. The Bank purchased the property for $179,100. A deficiency remained on the Kohnens' obligation to the Bank.[1] Therefore, the last day of the 12–month period within which the Kohnens could redeem the land under the applicable statute, Minn. Stat. § 580.23, subd. 2 (1990), was April 1, 1992.

The Bank commenced an action against the Kohnens to recover the alleged deficiency of $55,877.65. The district court granted the Kohnens' summary judgment motion contending that notice of foreclosure sale given by the Bank was invalid. The district court concluded that for purposes of the statute, Fleischhacker also was in possession of the mortgaged premises and accordingly she should have been served with the notice of foreclosure sale.

The court voided the foreclosure sale and judgment was entered in favor of the Kohnens on March 31, 1992.

### ISSUE

Did the district court err in concluding the foreclosure by advertisement statute required service of notice of the foreclosure sale on Fleischhacker, an occupant holding property interests inferior to other possessors, where the Kohnens, the mortgagors, also occupied the premises and were properly served?

### ANALYSIS

■ Summary judgment should be granted if "there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn.R.Civ.P. 56.03. On appeal from summary judgment this court reviews the record to determine (1) whether any genuine issues of material fact exist and (2) whether the district court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). No genuine issues of material fact exist concerning whether Fleischhacker physically possessed or occupied the farm. The issue before this court is therefore a legal issue. A reviewing court is not bound by and need not defer to a district court's determination of legal questions. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

■ In order to foreclose a mortgage by sale of the mortgaged premises (known as foreclosure by advertisement), at least four weeks before the sale the mortgagee must serve notice of the sale "upon the person in possession of the mortgaged premises, if the same are actually occupied." Minn. Stat. § 580.03. The critical language of this statute has remained virtually unchanged since Minnesota became a state in 1858. *See* Minn.Gen.Stat. ch. 81, § 5 (1866) ("on the person in possession of the mortgaged premises, if the same are occupied"). A foreclosure by advertisement "must comply, at least substantially, with the statutory requirements." *Gerdin v. Princeton State Bank*, 384 N.W.2d 868, 872 (Minn. 1986).

Both parties agree the Kohnens owned the farm, lived in a house on the farm and therefore "actually occupied" the property, and were properly served with notice as required by Minn.Stat. § 580.03. The Bank admits Fleischhacker lived in a mobile home on the farm during the period the Bank was foreclosing, and that the Bank

---

**1.** We note that foreclosure by advertisement does not automatically prohibit an action for a deficiency judgment and that respondents make no such claim. Under Minn.Stat. § 582.30, subd. 1 (1990) a deficiency judgment is generally recordable in a foreclosure by advertisement proceeding. However, Minn.Stat. § 582.30, subd. 2 (1990) provides exceptions to this rule, neither of which are applicable here. *See* Minn. Stat. § 580.23, subd. 1 (1990) (six month redemption period); Minn.Stat. § 582.032 (1990) (five week redemption period for abandoned property).

never served Fleischhacker with any fore-closure notice.

The district court determined that Fleischhacker was an "occupant" within the meaning of Minn.Stat. § 580.03, such that the Bank was required to serve on her notice of the foreclosure sale. The Bank contends, however, that an unbroken line of Minnesota case law supports the validity of the notice given in this case. Our review of the case law leads us to concur with the Bank's position.

*Holmes v. Crummett,* 30 Minn. 23, 13 N.W. 924 (1882), involved foreclosure by advertisement on 78 acres of land which contained a dwelling house and stable occupied by a tenant. The tenant and nonresident mortgagor both utilized the land. *Id.* at 24, 13 N.W. at 924. Notice was served on the mortgagor but not on the tenant. In holding the notice to be valid, the court stated the object of the statute was accomplished as to the mortgagor, and since he received notice, he could not complain of failure to serve notice on his tenant:

> [I]t is not enough to warrant the granting of relief to one seeking to have a foreclosure set aside or adjudged ineffectual as to him, that there has been an omission of some prescribed act which cannot have affected him, and cannot have been prescribed for his benefit.

*Id.* at 25, 13 N.W. at 924.

In *Casserly v. Morrow,* 101 Minn. 16, 111 N.W. 654 (1907), another case of foreclosure by advertisement, each of the two mortgagors leased premises to tenants. The foreclosure notice was served on one mortgagor's tenant but not on the other. *Id.* at 19, 111 N.W. at 655. The mortgagor whose tenant was not served was unaware of the foreclosure sale until after the statutory redemption period had passed. *Id.*

The court, in holding the foreclosure sale was void due to insufficient service upon the second tenant, observed:

> If the mortgaged premises consist of two separate farms, each of which is occupied by a different party, the notice of foreclosure must be served on each. In such a case each occupant, if holding in his own right, is entitled to notice, so that he

may protect his interests. If he is in possession in the right of another, then notice must be served on him, so that through him notice may reach the party from and for whom he holds possession. *Id.* at 20, 111 N.W. at 656.

In *Skartum v. Koch,* 174 Minn. 47, 218 N.W. 446 (1928), a third instance of foreclosure by advertisement, the mortgagors permitted Stevens to build and use a cabin on the subject premises, while subsequently leasing the entire farm to Johnson, who farmed it and remained in possession. *Id.* at 47–48, 218 N.W. at 446. Notice of foreclosure was served upon Johnson but not upon Stevens. *Id.* at 48, 218 N.W. at 446.

The court found the notice valid and stated that Johnson was the representative of the mortgagor and that Stevens' use was "subservient" to Johnson's. *Id.* at 48, 218 N.W. at 446–47. The statute was complied with "in so far as it protected the interests" of the mortgagors, and the spirit and purpose of the statute was accomplished. *Id.* at 48, 218 N.W. at 446. The *Skartum* court reasserted the principle that lack of service cannot be asserted by one who is not affected by that lack, and concluded that the mortgagors "were not prejudiced in the slightest" by the failure to serve Stevens. *Id.* at 49, 218 N.W. at 447.

*In re Petition of R.I. Hosp. Trust Co.,* 191 Minn. 354, 254 N.W. 466 (1934) (*"Rhode Island"*), also involved foreclosure by advertisement. Notice of foreclosure was served by the first mortgagee on the resident manager, who lived in an apartment on the premises, and on the president of the mortgagor holding company who apparently did not occupy the premises. Notice of foreclosure, however, was served on only one of the four tenants. *Id.* at 355, 254 N.W. at 467. In rejecting a challenge to the adequacy of service, the court observed once again that lack of service cannot be asserted by one who was not affected by that lack. *Id.* at 356–57, 254 N.W. at 467 (quoting *Holmes,* 30 Minn. at 25, 13 N.W. at 924). The court concluded that because neither of the complaining parties (the mortgagor and second mortgagee) was prejudiced by lack of service on

the tenants, and because the purpose of the statute was fully accomplished, the notice was valid. *Rhode Island,* 191 Minn. at 357, 254 N.W. at 467–68.

Two additional cases are instructive. In *Thompson v. Town of Berlin,* 87 Minn. 7, 91 N.W. 25 (1902), town supervisors laying out a highway were required by statute to "cause such notice to be given to all occupants of the land through which such highway may pass." *Id.* at 8, 91 N.W. at 25 (quoting Minn.Gen.Stat. ch. 13, § 1808 (1894)) (legislative intent of highway notice statute, Min.Gen.Stat. ch. 13, § 1808 (1894), is "to require service upon the person occupying and controlling the land, and * * * those who merely reside thereon" are excluded from the requirement of service). A mother who owned a life estate and a son who owned in fee subject to his mother's life estate resided on the land in question. The mother was served, the son was not. The court held service on the son was not required because "his mother had the superior and paramount [property] right * * *, and it is conceded that she had the control and management of the property." *Thompson,* 87 Minn. at 9–10, 91 N.W. at 26. The court held that occupancy which is "subordinate to that of another" does not come within the statute. *Id.* at 10, 91 N.W. at 26.

Finally, in *Absetz v. McClellan,* 207 Minn. 202, 290 N.W. 298 (1940), one tenant occupied a building used as a shop at 201 Fourth Avenue South, and three additional tenants occupied a separate building at 203 Fourth Avenue South, which served as a dwelling. Only the occupant of the shop received notice of expiration of redemption required by statute to be served "upon the person in possession of the land" being sold for delinquent taxes. The court invalidated the sale, stating:

> The possession of each of the tenants "as to his own portion of the land" was "independent of and of the same dignity as that of the other."

*Id.* at 210, 290 N.W. at 302.

 ■ Our review of the case law reveals two factors which courts have considered critical in determining the validity of service in a particular factual setting: (1) whether one of the occupants of the land has a property interest superior to that of the other occupants; and (2) whether the rights of the parties to be foreclosed upon were prejudiced by the lack of notice.

If one of the occupants had a superior interest in the property, courts have uniformly held that only the occupant with the superior property interest need be served. *See Rhode Island,* 191 Minn. at 357, 254 N.W. at 468; *Skartum,* 174 Minn. at 48, 218 N.W. at 446–47; *Thompson,* 87 Minn. at 9–10, 91 N.W. at 26; *Holmes,* 30 Minn. at 254, 13 N.W. at 924. If the rights of the parties to be foreclosed upon were not prejudiced by the lack of notice, again courts have uniformly held that service was valid. *See Rhode Island,* 191 Minn. at 357, 254 N.W. at 468; *Skartum,* 174 Minn. at 49, 218 N.W. at 447; *Holmes,* 30 Minn. at 25, 13 N.W. at 924.

 ■ We conclude that service upon the Kohnens complied with the requirements of Minn.Stat. § 580.03. It is undisputed that the Kohnens, as mortgagors of the farm, held a property interest superior to that of Fleischhacker, their subordinate tenant. Also, the Kohnens suffered no prejudice from the fact that the Bank did not serve Fleischhacker.

Furthermore, failure to serve Fleischhacker caused the Kohnens no delay in learning about the foreclosure sale. The claim of prejudice that the Kohnens make here is analogous to that rejected by the court in *Rhode Island:*

> [the mortgagor's] only claim to prejudice in failure to serve the omitted tenants is that he was advised that the foreclosure was defective and hence did not redeem. He made no claim that his delay in learning of the foreclosure in any way prevented him from redeeming.

*Rhode Island,* 191 Minn. at 357, 254 N.W. at 468.

 ■ In addressing the interests of intervenor Fleischhacker, we note that she did not file a notice of review, nor did she file a respondent's brief on appeal. Therefore, she has presented no argument or issue for

this court to address. *See* Minn.R.Civ. App.P. 106 (a respondent may obtain review of an issue by filing a notice of review); *Arndt v. American Family Ins. Co.,* 394 N.W.2d 791, 793 (Minn.1986) (Minn.R.Civ.App.P. 106 requires a party seeking review of an issue to file a notice of review, even where the party prevails in the trial court). Fleischhacker did file an affidavit with the district court in which she stated that she had a one-half interest in dairy cattle housed on the Kohnen's property, relied on the use of the property to operate a dairy business, and was prejudiced because appellant did not serve her with notice of the foreclosure sale. The district court did not refer to Fleischhacker's affidavit in its order or memorandum. Generally, appellate courts consider "only those issues that the record shows were presented *and considered* by the trial court in deciding the matter before it." *Thayer v. American Fin. Advisers, Inc.,* 322 N.W.2d 599, 604 (Minn.1982), *quoted in Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn. 1988) (emphasis added). We cannot say this record indicates the district court considered this issue or that Fleischhacker subsequently prompted the district court to do so.

Even if we assume for the sake of further analysis that Fleischhacker has preserved an issue for this court to review, we would be compelled to conclude that her affidavit is insufficient to raise a material fact issue to support her allegation of prejudice. There is no specific evidence of what interest of hers was prejudiced by failure to serve, what acts Fleischhacker would have undertaken to protect her interest had she been served, or how the failure to serve her precluded her from acting in a way to avoid the alleged prejudice. Thus, while Fleischhacker alleges the lack of notice prejudiced her because the record is otherwise insufficient to support this claim, were it properly preserved on appeal, we would find it unpersuasive.

2. The last date upon which the Kohnens could have redeemed their land from the April 1, 1991, sale was April 1, 1992. *See Hanson v. Fergus Falls Nat'l Bank & Trust Co.,* 242 Minn. 498, 499, 65 N.W.2d 857, 859 (1954). However, appellant's counsel conceded at oral argument

Therefore we conclude the Bank did not need to serve Fleischhacker. Her position is analogous to the apartment house tenants in *Rhode Island* and the son in *Thompson,* in which cases the courts respectively held the apartment house tenants and the son did not need to be served. *Rhode Island,* 191 Minn. at 357, 254 N.W. at 467; *Thompson,* 87 Minn. at 9–10, 91 N.W. at 26. Service of the notice of foreclosure by the Bank pursuant to Minn.Stat. § 580.03 was valid.[2]

In view of our determination that notice was validly served, we need not address the Bank's claim that the Kohnens delayed in seeking relief and engaged in inequitable conduct to thwart the sale of the property.

## DECISION

Service of notice of foreclosure pursuant to Minn.Stat. § 580.03 was valid.

Reversed and remanded.

that the trial court has the equitable power to extend the statutory period of redemption in this case. This opinion should not be deemed to limit the trial court's authority, on remand, to grant appropriate equitable relief to the Kohnens.