*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2052**

Joyce M. Woelfel,
Appellant,

vs.

U. S. Bank, National Association,
Respondent.

**Filed July 21, 2014
Reversed and remanded
Klaphake, Judge**[*]

Todd County District Court
File No. 77-CV-13-218

Jonathan L. R. Drewes, Caitlin Guilford, Drewes Law, PLLC, Minneapolis, Minnesota (for appellant)

Ellen B. Silverman, Ashley M. DeMinck, Hinshaw & Culbertson LLP, Minneapolis, Minnesota (for respondent)

        Considered and decided by Halbrooks, Presiding Judge; Smith, Judge; and Klaphake, Judge.

## UNPUBLISHED OPINION

**KLAPHAKE**, Judge

        Appellant-mortgagor challenges the district court's dismissal of her action to set aside a foreclosure sale, arguing that respondent-mortgagee's failure to timely record the

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

notice of pendency of foreclosure by advertisement rendered the foreclosure void. Because the district court erred by failing to require strict compliance with Minn. Stat. § 580.032, subd. 3 (2012), which provides that the notice must be recorded before the first date that the foreclosure notice is published, we reverse and remand.

## DECISION

The district court dismissed appellant Joyce Woelfel's complaint seeking to void the foreclosure sale of her home after respondent U.S. Bank, N.A., conducted a foreclosure by advertisement, but failed to record the notice of pendency of foreclosure until four days after the first publication date of the foreclosure, rather than before the first publication date, as specified by Minn. Stat. § 580.032, subd. 3. On appeal from a district court's dismissal of a case for failure to state a claim under Minnesota Rule of Civil Procedure 12.02(e), we review whether the complaint alleges a legally sufficient claim for relief, which presents a question of law. *Bodah v. Lakeville Motor Express, Inc.,* 663 N.W.2d 550, 553 (Minn. 2003). On undisputed facts, we review de novo the construction of Minn. Stat. § 580.032, subd. 3, and the district court's conclusion that the bank's lack of strict compliance with its timeliness provision did not void the foreclosure sale. *See Ruiz v. 1st Fid. Loan Servicing, LLC*, 829 N.W.2d 53, 56 (Minn. 2013) (stating that *"*[s]tatutory interpretation presents a question of law, subject to de novo review.*"*).

Minn. Stat. § 580.032, subd. 3, provides:

> A person foreclosing a mortgage by advertisement shall record a notice of the pendency of the foreclosure with the county recorder or registrar of titles in the county in which the property is located before the first date of publication of the

foreclosure notice but not more than six months before the first date of publication.

When interpreting a statute, this court first examines its plain language. *Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 496 (Minn. 2009). "We construe a statute as a whole so as to harmonize and give effect to all its parts." *Id*. (quotation omitted). If the words of the statute as applied to an existing situation are unambiguous, we will not disregard the letter of the law to pursue its spirit. Minn. Stat. § 645.16 (2012). A statute is not ambiguous if it is not reasonably susceptible to more than one interpretation. *City of St. Paul v. Eldredge*, 800 N.W.2d 643, 647 (Minn. 2011).

The language of Minn. Stat. § 580.032, subd. 3, is not ambiguous: it states that the notice of pendency of foreclosure "shall" be recorded "before the first date of publication of the foreclosure notice." *See id*.; Minn. Stat. § 645.44, subd. 16 (2012) (stating that "'[s]hall' is mandatory"). Therefore, by its plain terms, the statute required that in this foreclosure by advertisement, U.S. Bank had to record the notice of pendency of foreclosure prior to the first publication date of the foreclosure notice, not four days later.

The district court concluded that this defect did not render the foreclosure sale void because Woelfel, as the mortgagor, had received actual notice of the pending foreclosure under Minn. Stat. § 580.03 (2012), and because she had suffered no prejudice by the absence of compliance with Minn. Stat. § 580.032, subd. 3. *See Holmes v. Crummett*, 30 Minn. 23, 25, 13 N.W. 924, 924 (1882) (stating that a mortgagor may not challenge a foreclosure action based on the omission of a prescribed act which could not have affected his interest); *see also Badrawi v. Wells Fargo Home Mortg., Inc.*, 718 F.3d

756, 760 (8th Cir. 2013) (applying Minnesota law, holding that a mortgagor could not maintain an action based on a violation of the notice requirement of subdivision 3 because she was not among the persons for whom that requirement was enacted). The district court noted that unlike other lienholders, who could recover only money damages for failure to mail a third-party notice of foreclosure, *see* Minn. Stat. § 580.032, subds. 4, 6 (2012), Woelfel could seek the remedy of setting aside the foreclosure.

But read as a whole, the statute does not support such a distinction between Woelfel and other lienholders or creditors. The foreclosure-by-advertisement provisions specifically apply to "[a] person having a redeemable interest in real property under section 580.23 or 580.24." Minn. Stat. § 580.032, subd. 1 (2012). Sections 580.23 and 580.24 set forth, respectively, procedures for redemption by a mortgagor and by subsequent creditors. Minn. Stat. § 580.23, .24 (2012). Therefore, by its terms, the requirements of Minn. Stat. § 580.032 apply to Woelfel as a mortgagor. Further, the availability of money damages as a remedy for failure to timely record the notice of pendency of foreclosure does not compel a conclusion that mortgagors are excluded from the group benefitted by Minn. Stat. § 580.032, subd. 3.

Recent Minnesota appellate cases also support this result. The Minnesota Supreme Court has indicated that "the foreclosure by advertisement statutes prescribe mandatory requirements which must be met for a party to proceed under the statutes." *Jackson*, 770 N.W.2d at 495. Because foreclosure by advertisement is a statutorily created remedy that avoids the expense and delay of judicial proceedings, courts require

4

exact compliance: "[i]f the foreclosing party fails to strictly comply with the statutory requirements, the foreclosure proceeding is void." *Id*. at 494.

Addressing another requirement of foreclosure by advertisement, the supreme court concluded that Minn. Stat. § 580.02(3) (2012) must be strictly construed to require the recording of all assignments of a mortgage before a mortgagee may engage in foreclosure by advertisement. *Ruiz*, 829 N.W.2d at 54. And in *Ruiz*, the supreme court also declined to disturb this court's previous decision, in an unpublished opinion, which addressed the same issue in the current case and held that a mortgagee's failure to timely satisfy the recording requirement of Minn. Stat. § 580.032, subd. 3, rendered a foreclosure by advertisement void. *Id.* at 59; *see Ruiz v. 1st Fid. Loan Servicing, LLC*, No. A11-1081, 2012 WL 762313 (Minn. App. Mar. 12, 2012), *aff'd*, 829 N.W.2d 53 (Minn. 2013)). Although unpublished, this court's *Ruiz* opinion has persuasive value and supports our conclusion that subdivision 3 requires strict compliance. *See State v. Zais*, 790 N.W.2d 853, 861 (Minn. App. 2010) (stating that unpublished cases, although not precedential, may have persuasive value), *aff'd*, 805 N.W.2d 32 (Minn. 2011).

The plain language of Minn. Stat. § 580.032, subd. 3, unambiguously requires that the pendency of the notice of foreclosure must be recorded within a specified time period. In this case, U.S. Bank failed to meet that requirement. And "[t]he supreme court's recent opinions on chapter 580 indicate that a failure to strictly comply with any statute in chapter 580 causes a foreclosure to be void." *Hunter v. Anchor Bank, N.A.*, 842 N.W.2d 10, 15 (Minn. App. 2013) (citing *Ruiz*, 829 N.W.2d at 57-59, and *Jackson*, 770 N.W.2d at 493-501), *review denied* (Minn. Mar. 18, 2014). Thus, we conclude that the district court

5

erred by dismissing Woelfel's complaint on the basis that U.S. Bank's failure to timely record the notice of pendency of foreclosure did not void the foreclosure sale. We therefore reverse and remand for further proceedings based on that claim.

**Reversed and remanded.**