# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2974

_____

Aaron I. Sari

*Plaintiff - Appellant*

Tracy A. Sari

*Plaintiff*

v.

Wells Fargo Bank, N.A.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 8, 2014
Filed: December 11, 2014
[Unpublished]

_____

Before MURPHY, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Aaron Sari brought this action to void the foreclosure sale of his home, arguing that the sale did not comply with a Minnesota statute that requires foreclosing parties

to record a notice with the county before publishing a foreclosure advertisement. The district court[1] granted summary judgment to defendant Wells Fargo Bank, pointing out that in Badrawi v. Wells Fargo Home Mortgage, Inc. our court had examined the same Minnesota statute and expressly foreclosed the argument Sari raised here. See 718 F.3d 756 (8th Cir. 2013). Sari appeals and we affirm.

Sari obtained a mortgage loan from Wells Fargo and purchased a home in Minnetonka, Minnesota. After he defaulted on his mortgage payments, Wells Fargo began foreclosure proceedings by advertisement in September 2011. This procedure allowed the bank to begin foreclosure by publishing a notice in a local newspaper rather than by filing a judicial action. Wells Fargo served Sari with a notice of foreclosure sale on September 22. It then published a notice of foreclosure sale in a local business newspaper on September 24. Two days later the bank recorded notice of the pendency of a foreclosure sale with the county. Sari's home was sold at a sheriff's sale in January 2012.

Sari brought an action in Minnesota state court to void the foreclosure sale, asserting that Wells Fargo had not complied with Minn. Stat. § 580.032, subd. 3, which requires foreclosing parties to "record a notice of the pendency of the foreclosure . . . before the first date of publication of the foreclosure notice." After successfully removing the case to federal court, Wells Fargo admitted that it had violated that statutory provision but it argued that Badrawi foreclosed Sari's claim since homeowners like him are "not among the class whose interests Minn. Stat. § 580.032, subd. 3 was enacted to protect." See 718 F.3d at 759. The district court agreed and granted summary judgment to Wells Fargo.

---

[1] The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

We review the district court's grant of summary judgment de novo, viewing all evidence and drawing all reasonable inferences in favor of the nonmoving party. Stein v. Chase Home Fin., LLC, 662 F.3d 976, 979 (8th Cir. 2011). When "applying Minnesota law under our diversity jurisdiction, we are bound by the decisions of the Minnesota Supreme Court." Badrawi, 718 F.3d at 758.

In Badrawi as here, the plaintiff challenged the foreclosure sale of her property based on the bank's failure to record a notice of pendency with the county prior to publishing a notice of foreclosure sale. Id. at 757. Relying on the Minnesota Supreme Court's opinion in Holmes v. Crummett, 13 N.W. 924 (Minn. 1882), we ruled in Badrawi that under Minnesota law a "homeowner may not set aside a foreclosure based on an omission of some prescribed act which cannot have affected him, and cannot have been prescribed for his benefit." Badrawi, 718 F.3d at 759. Given that Minn. Stat. § 580.032, subd. 3 "is most sensibly read to protect the interest of third parties who own a redeemable interest in mortgaged property which might be jeopardized if the mortgagor foreclosed without notice," we concluded that homeowners like Sari are "not among the class whose interests" that statute "was enacted to protect." Id. We therefore dismissed the plaintiff's challenge to the foreclosure sale.

Sari argues for a different interpretation of Minn. Stat. § 580.032, subd. 3 and moves for a certification to the Minnesota Supreme Court of the question of whether homeowners have standing to challenge violations of that statutory provision. We rejected Sari's interpretation in Badrawi. He has not identified any subsequent opinions of our court or the Minnesota Supreme Court that limit the precedential effect of Badrawi, and we are bound by our prior decision. See Brock v. Astrue, 674 F.3d 1062, 1065 (8th Cir. 2012). We deny Sari's motion for certification because we are not uncertain about the question of state law he raises. See Johnson v. John Deere Co., 935 F.2d 151, 153 (8th Cir. 1991). Given that Sari "is not among the class whose interests Minn. Stat. § 580.032, subd. 3 was enacted to protect," the district

3

court properly granted summary judgment to Wells Fargo.  See Badrawi, 718 F.3d at 759.[2]

For these reasons we affirm the judgment of the district court.

SMITH, Circuit Judge, concurring.

I concur in the per curiam opinion based on circuit precedent.  However, I write separately to indicate that for the reasons discussed in my dissenting opinion in *Badrawi*, I would find that the Minnesota Court of Appeals's decision in *Ruiz v. 1st Fidelity Loan Servicing, LLC*, No. A11–1081, 2012 WL 762313 (Minn. Ct. App. Mar. 12, 2012), is the best evidence of Minnesota law. *Badrawi*, 718 F.3d at 760–61 (Smith, J., dissenting).  In *Ruiz*, the Minnesota Court of Appeals held that a "foreclosure by advertisement is void [if it] fail[s] to strictly comply with section[] . . . 580.032." 2012 WL 762313, at *5.

My conclusion that "*Ruiz* is our best indicator of what the Minnesota Supreme Court would do if it had chosen to address § 580.032," *Badrawi*, 718 F.3d at 761 (Smith, J., dissenting), is buttressed by the Minnesota Court of Appeals's post-*Badrawi* decision in *Woelfel v. U.S. Bank, National Ass'n*, No. A13-2052, 2014 WL 3558141 (Minn. Ct. App. July 21, 2014).  In that case, the Minnesota Court of Appeals once again concluded that "[t]he plain language of Minn. Stat. § 580.032, subd. 3, unambiguously requires that the pendency of the notice of foreclosure must be recorded within a specified time period" and found that the Minnesota Supreme Court's "recent opinions on chapter 580 indicate that a failure to strictly comply with

---

[2] On his appeal, Sari also raised a new ground for standing based on contract law.  That argument is waived by having not been presented in the district court.  See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

4

any statute in chapter 580 causes a foreclosure to be void." *Id*. at *3 (quotation and citation omitted).

Therefore, I would reverse the judgment of the district court if the question presented were open in this circuit.

_____